## DUBOIS *vs.* HARCOURT.

Where property is levied upon by virtue of an *attachment,* and subsequently a second levy is made upon the same property under another attachment, the officer making the second levy is not entitled to sustain an action of *trover* against a sheriff who illegally takes and sells the property.

Whether goods *attached* to answer to the plaintiff if he recovers, may be taken under a second attachment subject to the first, *quere.*

THIS was an action of *trover,* tried at the Ulster circuit in October, 1835, before the HON. ADDISON GARDINER, then one of the circuit judges.

The plaintiff claimed to recover $110.26, the amount of an *attachment* held by him as a *constable* against the property of one *Clow,* he having by virtue of such attachment made a levy upon a quantity of firewood belonging to Clow, which was subsequently sold by the defendant. The defence set up was, that the defendant, as *sheriff* of the county of Ulster, had *previous* to

the levy by the plaintiff, made a levy upon the same property by virtue of an execution issued out of this court, and had subsequently sold the same ; and that the avails of the sale were not more than sufficient to satisfy the execution. The levy made by the *sheriff* was in this wise : On the *fourth* day of August, 1834, after receiving the execution, he proceeded to the dwelling house of Clow and made an *actual levy* upon the household furniture and other property there present, and made an inventory of the same ; and with the assent of Clow, entered upon the inventory a quantity of firewood belonging to Clow, lying upon lots distant from the house of Clow—one a mile and a half, and the other five miles—and on the next day advertised the household furniture and the wood for sale. On the *fifth* day of August an *attachment* was delivered to the plaintiff to be served on the property of Clow, by virtue of which he proceeded to the premises where the wood was lying, and made an *actual levy* upon the same. Previous to the levy thus made by the plaintiff, the defendant did not go to the places where the wood was lying, nor did he see the same. A further defence was set up by the defendant, viz : that on the *fifth* day of August, and *before the levy made by the plaintiff*, a levy had been made on the same wood by one *Ray*, also a constable, by virtue of *attachments* against the property of Clow. On these facts the judge directed a verdict for the plaintiff, who accordingly found a verdict for the amount claimed. The defendant asks for a new trial.

*H. M. Romeyn*, for the defendant, insisted, 1. That the levy by the sheriff was a valid and sufficient levy, and gave the execution a priority over the attachment in the hands of the plaintiff ; and 2. If the levy was not sufficient for that purpose, that the plaintiff did not acquire such rights under the attachment in his hands as enabled him to sustain this action, inasmuch as the wood having been levied upon by *Ray* was in the custody of the law and could not subsequently be levied upon. 1 *Show*, 173. 17 *Johns. R.* 128. 10 *Peters*, 404.

*M. T. Reynolds*, for the plaintiff, contended that the wood was subject to a levy by virtue of the attachment in the hands of the

plaintiff, notwithstanding the previous levy under the attachments in the hands of *Ray*, and cited 1 *Rolle*, 893, *l.* 40; *Comyn's Dig. tit. Execution*, C. 3, *pl.* 4. That if the objection existed, it could be urged only by *Ray*, between whom and the defendant no privity was shown. 10 *Wendell*, 389. That the policy of the law required that the action should be sustained, as otherwise *junior* attachment creditors might be deprived of their remedies. That in the present case, no injury could accrue to the creditors who had sued out the previous attachments, as the property was amply sufficient to satisfy all the attachments, and the plaintiff could not recover beyond the extent of his special interest. 8 *Wendell*, 447.

*By the Court*, NELSON, Ch. J. In *Ray* v. *Harcourt*, 19 *Wendell*, 495, it was held that an attachment from a court not of record, if *actually levied*, has a preference over an execution from a court of record in the hands of a sheriff under which such levy has not been made. That case disposes of the first question here presented ; but another arises, viz. whether the plaintiff here can maintain this action, inasmuch as the property had been previously seized under other attachments, and at the time of the levy by him was in the custody of the law.

To maintain this action, a plaintiff must show, 1. Either an *absolute* or *special* property in the goods, the subject of the action, at the time of the conversion ; and 2. A right to the actual posses-sion. 12 *Johns. R.* 403. 2 *Saund. Pl. and Ev.* 869, 873. Now, although *Dubois* may have had a special property in these goods by virtue of his levy under the attachment, which, however, is questionable upon authority, 1 *Show.* 174; 2 *Bacon*, 715; 10 *Peters*, 403, it is perfectly clear that he had no right to the *possession* at the time of the conversion by the defendant. Ray, the other constable, had attached the whole of the goods, and in judgment of law was in the possession of them, and had a right to the absolute control for the time being, as much so as if he had been owner. There may be some difficulty in securing the lien acquired by the second attachment upon the property ; that is not, however, a question involved in this case, and it would be useless

here to speculate upon it. It is impossible to give each officer the legal control of the property consistent with law or the right of the party making the first levy. Neither can these conflicting equitable claims growing out of several seizures, be adjusted in a court of law, without involving the interests of the parties in great confusion. Indeed, it is altogether impracticable.

New trial granted.