(20 Misc. Rep. 48.)

## WEEKS v. O'BRIEN.

(Supreme Court, Special Term, New York County. March, 1897.)

1. DEMURRER—SPECIFICATION OF GROUNDS.

    Code Civ. Proc. § 496, provides that a demurrer to a counterclaim, under section 495, must distinctly specify the objections, and that the mode of doing so shall be the same as where a demurrer is taken to a complaint. Section 490 allows a demurrer to a complaint, under subdivisions 1, 2, 4, or 8 of section 488, to be in the language of the subdivision; but requires the particular objection to be specified by a demurrer on any other grounds, one of which is that "plaintiff has not legal capacity to sue." Section 495, subd. 2, authorizes a demurrer to a counterclaim, on the ground that "defendant has not legal capacity to recover upon the same." *Held*, that a demurrer to a counterclaim, under said section 495, subd. 2, is not sufficient if stated merely in the language of that subdivision, but it must state the particular objection.

2. SAME—CHARACTER OF COUNTERCLAIM.

    A demurrer to a counterclaim, under Code Civ. Proc. § 495, subd. 4, on the ground that "it is not of the character specified in section 50," cannot be stated in the language of that subdivision, but it must specify the particular objection relied on, as required by section 496, since it is not one of the grounds of demurrer given by section 488, subds. 1, 2, 4, or 8.

Action by Benjamin Weeks against James O'Brien, as executor. Plaintiff demurs to defendant's counterclaim. Overruled.

George W. McAdam (Brainard Tolles, of counsel), for plaintiff.

Abram Kling, for defendant.

TRUAX, J. Plaintiff demurs to the counterclaims of the defendant upon three separate grounds: First, that the defendant has not legal capacity to recover upon the same, or any of them; secondly, that the alleged counterclaims are not, nor is any of them, of the character specified in section 501 of the Code of Civil Procedure; and, thirdly, that the alleged counterclaims do not, nor does any of them, state facts sufficient to constitute a cause of action. The defendant contends that the plaintiff's demurrer should be overruled, because it fails to distinctly specify the objections to the counterclaims.

Section 495 of the Code of Civil Procedure provides that the plaintiff may demur to a counterclaim upon which the defendant demands an affirmative judgment (as in this action), where one or more of the following objections thereto appear on the face of the counterclaim: (1) That the court has not jurisdiction of the subject thereof; (2) that defendant has not legal capacity to recover upon the same; (3) that there is another action pending between

the same parties for the same cause; (4) that the counterclaim is not of the character specified in section 501 of this act; (5) that the counterclaim does not state facts sufficient to constitute a cause of action. Section 496 of the Code provides that a demurrer taken under section 495 may be disregarded unless it distinctly specifies the objections to the counterclaim; and that the mode of specification of objections is the same as where a demurrer is taken to a complaint. Section 490 of the Code provides that an objection taken under subdivisions 1, 2, 4, or 8 of section 488 of the Code of Civil Procedure may be stated in the language of the subdivision, and objection taken under either of the other subdivisions must point out specifically the particular defect relied upon. Subdivision 1 of section 488 provides that the defendant may demur to the complaint on the ground that the court has not jurisdiction of the person of the defendant; subdivision 2, that the court has not jurisdiction of the subject of the action; subdivision 4, that there is another action pending between the same parties for the same cause; and subdivision 8, that the complaint does not state facts sufficient to constitute a cause of action.

The objection that the defendant has not legal capacity to recover upon the counterclaim, which is the first objection taken by the plaintiff, is not embraced in either of the above-mentioned subdivisions of section 488 or in section 495. It comes, however, within subdivision 3 of section 488, which is to the effect that the defendant may demur to the complaint when it appears on the face thereof that the plaintiff has not legal capacity to sue; and, to be well taken, must point out specifically the particular defect relied upon. Under section 496, the first ground of demurrer to the counterclaim must be disregarded, because it does not distinctly specify the objections to the counterclaim. It was held in Bank v. Edwards, 11 How. Prac. 216, that the demurrer on the ground that the plaintiff has not legal capacity to sue is a specific cause of demurrer, and must, therefore, be specifically assigned, and that the capacity of a plaintiff to sue is independent of the cause of action; and that if the pleader undertakes to aver a fact, and does it defectively, the fact should be pointed out as a specific cause of demurrer.

The second ground of demurrer is that the alleged counterclaims are not, nor is any of them, of the character specified in section 501 of the Code of Civil Procedure, and is in the exact language of subdivision 4 of section 495 of the Code. This ground of demurrer is not one of those mentioned in section 488. Section 500 of the Code, which relates to an answer, provides, among other things, that an answer may contain a statement of any new matter, constituting a defense or counterclaim, in ordinary and concise language, without repetition. Section 501 of the Code provides that the counterclaim specified in section 500 must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or in a proper case against the person whom he represents, and in favor of the defendant, between whom and the plaintiff a separate judgment may be had in the action, and must be on a cause of action arising out of a

contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action; or, in an action on contract, any other cause of action on contract existing at the commencement of the action. It is to be noted that there are two kinds of causes of action which may be set up as a counterclaim against the plaintiff. It seems to me that a demurrer which does not specify on which of the grounds mentioned in section 501 it relies is within the prohibition of section 496, and should be disregarded. The object of a demurrer is to specify the reason why the pleading to which the demurrer is taken is not a good pleading, and a demurrer which simply says that the counterclaims are not of the character specified in section 501 of the Code does not specify the defects in the counterclaim. For these reasons, the first and second grounds of the demurrer are not good.

The third ground of the demurrer is that the alleged counterclaims do not, nor does any of them, state facts sufficient to constitute a cause of action. Each of the counterclaims is based on a judgment obtained against the plaintiff, and contains sufficient allegations to entitle the defendant suing as plaintiff to recover.

The demurrer is overruled, with costs, with leave to the plaintiff to withdraw demurrer and reply on payment of such costs. Ordered accordingly.