(40 App. Div. 525.)

ECKERT v. GALLIEN.

(Supreme Court, Appellate Division, First Department. May 12, 1899.)

PLEADING—DEMURRER TO COUNTERCLAIM—SPECIFYING OBJECTION—SUFFICIENCY.

Code Civ. Proc. § 501, provides what causes of action may be set up as a counterclaim. Section 495 specifies the objections to a counterclaim that may be taken by demurrer, among which, as provided in subdivision 4, is one that the counterclaim is not of the character specified in section 501. Section 496 provides that a demurrer, under section 495, must distinctly specify the objections to the counterclaim, the mode being the same as where a demurrer is taken to a complaint. Section 490 provides that objections to a complaint taken under certain subdivisions of section 488 may be stated in the language of the subdivision, and an objection taken under the other subdivisions must specify the defect. *Held,* that a demurrer to a counterclaim, on the ground that it was not of the character specified in section 501, was sufficient.

O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by William H. Eckert against Brace M. Gallien. From a judgment overruling a demurrer to a counterclaim (53 N. Y. Supp. 879) plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry B. Ketcham, for appellant.
Daniel E. Lynch, for respondent.

INGRAHAM, J. It was conceded in the court below that the action is in tort. It was so found by the court, and that conclusion is not challenged upon this appeal. The counterclaim demurred to alleges, as a counterclaim, a cause of action on contract not arising out of the transaction alleged in the complaint, and thus, within section 501 of the Code, they are not properly pleaded as counterclaims to the cause of action set up in the complaint. The demurrer was overruled, however, upon the ground that it is a nullity, in that it is stated in the language of subdivision 4 of section 495 of the Code of Civil Procedure, and does not distinctly specify the objections to

the counterclaims, and point out specifically the particular defect relied upon, as required by sections 490 and 496 of the Code. The plaintiff demurs to the counterclaim on the ground "that said counterclaim is not of the character specified in section 501 of the Code of Civil Procedure."

By section 501 of the Code it is provided that a counterclaim "must be one of the following causes of action against the plaintiff:   *   *   * (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action on contract, any other cause of action on contract existing at the commencement of the action." A cause of action that can thus be set up as a counterclaim in an action in tort must be a cause of action arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action. By section 496 of the Code, it is provided that "a demurrer taken under the last section [section 495] must distinctly specify the objections to the counterclaim; otherwise it may be disregarded. The mode of specifying the objections is the same as where a demurrer is taken to a complaint." The mode of specifying the objections, where a demurrer is taken to the complaint, is specified in section 490 of the Code, which provides that "an objection, taken under subdivisions first, second, fourth or eighth of section four hundred and eighty-eight of this act, may be stated in the language of the subdivision; an objection, taken under either of the other subdivisions, must point out specifically the particular defect relied upon." The various objections that may be taken by demurrer to a counterclaim are specified in section 495. One objection that may be taken is that specified in subdivision 4 of that section, viz.: "That the counterclaim is not of the character specified in section five hundred and one of this act;" and it seems to me, when that objection is thus taken, the pleader distinctly specifies the objection to the counterclaim. To make this objection available, a plaintiff must state in the demurrer that the cause of action set up as a counterclaim is not within either of the subdivisions of section 501 of the Code, and it does not make the objection more specific to say that the cause of action set up as a counterclaim does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; and that, the action not being an action on contract, a cause of action on contract existing at the commencement of the action, not arising out of the contract or transaction set forth in the complaint, cannot be set up as a counterclaim. He does say just that, when he alleges in his demurrer as an objection to the counterclaim that it is not of the character specified in section 501. Nothing that the plaintiff could say would make the objection more specific. The specific objection to this counterclaim is that it is not one specified in section 501 of the Code, and this objection is specifically taken by the plaintiff by this demurrer. Certainly, repeating the language of section 501 of the Code would not more distinctly specify the objection than stating that the counterclaim was not of the character specified in that section.

None of the cases relied on by the court below or by the respondent upon this appeal are in point. The observation of this court in Weeks v. O'Brien, 25 App. Div. 208, 49 N. Y. Supp. 344, did not decide this question, or state that a demurrer to a counterclaim, upon the ground that it was not of a character specified in section 501 of the Code, was not sufficient, without setting forth the particular nature of the cause of action and the counterclaim sought to be pleaded.

We think, therefore, that an objection that a counterclaim is not of the character specified in section 501 of the Code of Civil Procedure distinctly specifies the objection, within the meaning of section 496 of the Code, and it follows that the judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend within 20 days, upon payment of costs in this court and in the court below. All concur, except O'BRIEN, J., dissenting.

O'BRIEN, J. (dissenting). Under section 501 of the Code of Civil Procedure, a counterclaim must be (1) a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action on contract, any other cause of action on contract existing at the commencement of the action. The complaint here is in tort, and, as it appears that the counterclaims sought to be interposed do not arise out of the transaction set forth in the complaint and are not connected with the subject of the action, they are not proper counterclaims. The issue presented, however, relates to the form of the demurrer to each of the three counterclaims. The pleader uses the exact language of subdivision 4 of section 495 of the Code of Civil Procedure, that the counterclaims are "not of the character specified in section 501" of the Code. By section 496 it is provided that "a demurrer taken under the last section must distinctly specify the objections to the counterclaim; otherwise it may be disregarded. The mode of specifying the objections is the same as where a demurrer is taken to a complaint." The mode of specifying an objection where a demurrer is taken to a complaint is governed by section 490 of the Code, which provides that the objection must be distinctly stated, except when taken under certain specified subdivisions of section 488, when it may be stated in the language of the subdivision. It is thus pointed out that the objection must be specifically stated, except in cases where it is directly provided that the exact language of a subdivision may be used. In subdivision 4 of section 495 of the Code, there is nothing which frees the pleader from the necessity of distinctly specifying the objection to counterclaims sought to be interposed pursuant to section 501, but, on the contrary, it requires the objection to be distinctly stated.

If there is but one kind of counterclaim allowed under section 501 of the Code, then the use of the exact language of subdivision 4 of section 495 would seemingly be sufficient; but, as there are enumerated in section 501 at least two different and distinct causes of action which may be availed of as counterclaims by a defendant, it is not a distinct specification of the objection to the counterclaim to employ merely the language of subdivision 4 of section 495, "that the counter-

claim is not of the character specified in section 501." This question
is not a new one, and the proper practice has been discussed in the
case of Weeks v. O'Brien, 20 Misc. Rep. 49, 45 N. Y. Supp. 742, as fol-
lows:

"It is to be noted that there are two kinds of causes of action which may
be set up as a counterclaim against the plaintiff. It seems to me that a de-
murrer which does not specify on which of the grounds mentioned in sec-
tion 501 it relies is within the prohibition of section 496, and should be disre-
garded. The object of a demurrer is to specify the reason why the pleading
to which the demurrer is taken is not a good pleading, and a demurrer which
simply says that the counterclaims are not of the character specified in section
501 of the Code does not specify the defects in the counterclaims."

Although this case was overruled on another ground,—as may be
seen by reference to the opinion on reversal in 25 App. Div. 208, 49
N. Y. Supp. 344,—we find in the statement of the learned judge writing
the opinion of this court what may be regarded as a dictum in favor
of the view that the objection should be expressed otherwise than in
the language of subdivision 4 of section 495, as follows: "It may be
that this point might have been raised by demurrer upon the ground
that the counterclaims were not of the character specified in section
501 of the Code, the particular variance being set forth." That the
general language of subdivision 4 of section 495 is not sufficient in
objecting to counterclaims is further shown by the fact that many
decisions have been rendered wherein it has been held that certain
counterclaims, depending on their respective character, did or did
not come under one or the other of the classifications named in section
501. It follows, therefore, that a statement that a counterclaim was
not "of the character specified in section 501" would not distinctly
and sufficiently point out the objection to such counterclaim, as re-
quired by section 496 of the Code. Our attention has been called to
the special-term case of Grange v. Gilbert, 10 Civ. Proc. R. 98, where,
without any discussion of the question, a contrary rule to the one
adopted in Weeks v. O'Brien, supra, was laid down. We think that
the learned judge below was right in following the more recent case,
holding that the demurrer was bad in form and should be overruled.