(47 App. Div. 51.)

DUKE D'AUXY v. DUPRE.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

COUNTERCLAIM—RIGHT TO SET UP.
    Under Code Civ. Proc. § 501, providing that a claim arising out of the transaction on which suit is brought, or, in action on contract, any cause arising out of contract, and existing at the commencement of the action, may be set up as a counterclaim, a claim by an attorney for services cannot be set up against an action by a former client to have an assignment of a claim by the client to the attorney set aside as fraudulent.

Appeal from special term, New York county.
Action by Arthur, Duke d'Auxy, against Ovide Dupre. From an order overruling a demurrer to defendant's counterclaim, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

E. F. Bullard, for appellant.

Andrew F. Murray, for respondent.

RUMSEY, J. The complaint alleged that the plaintiff employed the defendant as his attorney to look after his interests in certain matters, and that the defendant, by false and fraudulent representations, induced the plaintiff to assign to him all his interest in the claim which the defendant had been retained to collect. The false and fraudulent representations are set out in the complaint, and it is alleged that they were made with the intention of deceiving and misleading the plaintiff, and with the knowledge on the part of the defendant that they were not true; and that the plaintiff relied upon them, and executed the assignment on the faith of them. It is alleged further that the defendant collected the said claim, and that he never accounted to the plaintiff for the amount so received, and the relief asked is that the assignment may be set aside, and the defendant compelled to account for the money he received thereunder. The answer, besides stating various defenses, set up a counterclaim for services which the defendant rendered to the plaintiff from time to time, for, which he asks judgment. To this counterclaim the plaintiff demurred, and from the order overruling this demurrer this appeal is taken.

The counterclaim set up is not a cause of action arising out of the transaction set forth in the complaint, or one connected in any way with that cause of action, but it is an independent cause of action existing in the defendant at the time of the beginning of this suit. In that case the counterclaim can only be interposed in an action on contract. Code Civ. Proc. § 501. But the cause of action here is not upon contract. It is purely one in equity to set aside an instrument procured by fraud, and incidentally to obtain from the defendant by an accounting the proceeds of that fraud. The demurrer to the counterclaim therefore was well taken, and should have been sustained. The interlocutory judgment must therefore be reversed, and judgment entered upon the demurrer in favor of the plaintiff, with costs. All concur.