SAVAGE et al. v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 27, 1900.)

1. PLEADING—DEMURRER TO ANSWER—COMPLAINT.
   On demurrer to an answer for insufficiency, defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action, since, if the complaint is bad, the answer will not be considered.

2. TROVER AND CONVERSION—PLEADING.
   A complaint alleging that plaintiffs entered into a written contract to construct a school building for defendant according to plans and specifications furnished by it, forming a part of the agreement, and that under the same, and the well-known usage of the trade, all the materials on the lot on which the building was to be erected, other than earth needed for grading, and not reserved by the owner, belonged to plaintiffs; that among such materials was stone flagging, which had not been reserved, and which became plaintiffs' property; and that plaintiffs then became and have ever since been the owners and entitled to the immediate possession thereof,—sufficiently alleges plaintiffs' title to, and right

of possession of, such flagging, in an action to recover damages for its conversion.

3. SAME—COUNTERCLAIM.

Code Civ. Proc. § 501, subd. 1, permits a defendant to set up as a counterclaim a cause of action tending to diminish or defeat plaintiff's recovery, arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action. *Held* that, where a contractor sued for the conversion of certain material under a building contract, defendant was entitled to set up as a counterclaim a cause of action arising out of the contract, since it arose out of the same transaction.

McLennan and Spring, JJ., dissenting.

Appeal from special term, Erie county.

Action by William L. Savage and another against the city of Buffalo. From a judgment in favor of defendant, overruling a demurrer to the second and third defenses of defendant's answer, they appeal. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

W. L. Jones, for appellants.

W. S. Jackson, for respondent.

WILLIAMS, J. The action was brought to recover damages for the conversion of a quantity of stone flagging.

1. The defendant claims that the plaintiffs should not be heard to allege that the answer is defective, because the complaint itself does not allege facts sufficient to constitute a cause of action. This attack upon the complaint may be made, under the well-settled rule that a bad answer is good enough for a bad complaint, and, if the complaint is bad, the answer will not be disturbed. Baxter v. McDonnell, 154 N. Y. 432–436, 48 N. E. 816, and cases there referred to. We must therefore consider the question whether the complaint alleges facts sufficient to constitute a cause of action for conversion. The specific objection made is that the complaint fails to allege ownership and right to the possession of the property in the plaintiffs. The complaint, among other things, alleges that the parties entered into a contract, in writing, that the plaintiffs should construct a school building for the defendant according to plans and specifications furnished by the defendant; that, according to the plans and specifications, the old building and fence upon the lot should be removed by the plaintiffs at their own expense, and they should have the material therein, and the privilege to use such of the old brick as the architects deemed suitable, and all other such old material on the lot the plaintiffs should take therefrom, leaving so much earth as might, in the judgment of the superintendent of buildings, be needed for grading around the building, but all other earth and refuse of every kind the plaintiffs should take entirely from the lot, and that the specifications formed a part of the contract; that by said plans, specifications, and contract, and the well-known usage of trade, all the materials on said lot, other than earth needed for such grading, and not reserved by the owner, belonged to the plaintiffs; that of such other material was about 4,350 square

feet of stone flagging, of the value of 15 cents per square foot, which said stone was not reserved by the defendant, and which thereby became the property of the plaintiffs, as owners thereof, and the plaintiffs then became and ever since have been the owners and entitled to the immediate possession thereof. A mere reading of these allegations shows that ownership and right to possession in the plaintiffs were fully and sufficiently alleged. No argument on the subject is necessary. Prindle v. Caruthers, 15 N. Y. 425; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720.

2. The counterclaim constituting the defendant's second defense is well pleaded; for, although the complaint alleges a cause of action in tort, and the counterclaim is upon contract, yet the counterclaim arose out of the same transaction or contract as did the alleged tort,. and therefore it was properly alleged as a defense, under subdivision 1 of section 501 of the Code of Civil Procedure. Carpenter v. Insurance Co., 93 N. Y. 552. The demurrer to this second defense was. therefore properly overruled.

3. The demurrer to the third defense was properly taken, for the reason stated in the opinion of McLennan, J., in Savage v. City of Buffalo (recently decided by this court) 63 N. Y. Supp. 477.

It follows, therefore, that the interlocutory judgment, so far as. it overruled the demurrer to the second defense, should be affirmed, and, so far as it overruled the demurrer to the third defense, should be reversed, and the demurrer sustained, with the usual leave to. amend, without costs of this appeal to either party.

McLENNAN, J. (dissenting). We think the plaintiffs' complaint wholly fails to state facts sufficient to constitute a cause of action against the defendant. The rule is applicable which is stated in the headnote in Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, as follows:

"When a complaint is met by a demurrer on the ground that it does not state a cause of action, the pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts. so impliedly averred are traversable in the same manner as though directly stated."

Prindle v. Caruthers, 15 N. Y. 425; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720.

It is alleged in the complaint that in September, 1895, the plaintiffs entered into a contract in writing with the defendant by which they agreed to erect a school building upon premises belonging to it; that, according to the plans and specifications, which were a part of the contract, the plaintiffs were required to remove the old building and fences upon the lot, and were privileged to use such of the old brick in the new building as the architects deemed suitable, and all other such old material on said lot they were required to take therefrom; that there was upon said lot the stone flagging in question. But it is not alleged that it was old material, and that it was not "such old material" as is referred to in the contract is apparent. The complaint then alleges that, by the general and well-known usage of the trade, all the materials on said lot, other than

earth needed for grading, and not reserved by the owner, belonged to the contractors. If the plaintiffs had alleged simply that they were the owners of the flagging stones in question (became such under the contract entered into), that they were entitled to the immediate possession thereof, and that the defendant converted the same to his own use, and refused to surrender possession to the plaintiffs after demand made, undoubtedly the complaint would be sufficient, and would state a cause of action in trover; but, in addition, the plaintiffs have alleged the facts under which such ownership and right of possession are claimed to have accrued, and therefore it is necessary to examine those facts, in order to ascertain whether they justify the conclusion which the plaintiffs seek to draw from them. The sufficiency of the complaint must be determined by the facts stated, and not by the conclusions.

It will not be claimed that the flagging became the property of the plaintiffs by gift or by purchase. The facts alleged show that it was to become the property of the plaintiffs; if at all, in part payment for the performance of the contract which they entered into,— not in payment for signing or entering into the contract, but in payment for work done or materials furnished in its performance,— yet the only material fact alleged is that the contract was entered into. It is not stated that the plaintiffs ever entered upon the premises or upon the performance of the contract, or that they ever offered to perform the same, or to do any act or thing thereunder. Neither is it alleged that they ever had possession of the stones in question, or that they ever attempted to gain possession of the same, except by making demand therefor of the defendant. It is not shown that the flagging in any way interfered with the erection of the building, or that its removal was necessary or desirable. So far as appears, the stones may have been stored upon a remote corner of the premises, and in such manner as in no way to interfere with the performance of the work which the plaintiffs had contracted to do. In such case the court will take judicial notice of the fact that no general or special custom of the trade would vest the title of the stones in the plaintiffs, or entitle them to their possession. Again, nothing is alleged in the complaint to indicate when the contract became operative; when the work to be done under it was to be commenced; when the possession of the premises upon which the school building was to be erected was to be given to the plaintiffs. It would appear from one of the allegations of the complaint that when the contract was made there was a brick building and other improvements already on the premises, but whether the building was occupied or not does not appear. Are we to assume that immediately upon signing the contract the plaintiffs became entitled to take possession, or is it quite as reasonable to suppose that they were not to have possession of the premises and appurtenances until a specified time in the future? If so, then whether the stones were demanded of the defendant before or after the plaintiffs were entitled to their possession cannot be determined from any allegation contained in the complaint. When the demand was made, or when the alleged conversion took place, is not stated. We

are simply informed by the complaint that in September, 1895, the plaintiffs signed a contract by which they were to erect a school house for the defendant (whether it was to be commenced, and the possession of the premises and appurtenances surrendered to the plaintiffs for that purpose, in one, two, or five years, does not appear); that by the general usages of the trade, and by the contract, because it contains no reservation of the flagging stones, such stones became the property of, and belonged to, the plaintiffs (but whether the title to the stones vested in them, and they became entitled to the possession, immediately upon the signing of the contract, or at some future time, is not disclosed); that at some time after the contract was signed, and before the commencement of this action, demand was made for the flagging stones, and was refused (but whether such demand was made before the plaintiffs were entitled to possession is not stated). Suppose the plaintiffs, immediately upon entering into the contract with the defendant, had sought to take and carry away the stones in question from the defendant's premises, declaring at the time their intention not to enter upon the performance of the contract, or to do any act thereunder; could it be claimed that under those circumstances the plaintiffs would have the right to take possession of the stones? They certainly would have such right if the stones belonged to them, were their property, and became such simply from the fact that they had entered into and signed the contract. We think, clearly, the plaintiffs would have no such right; that they would not be entitled to the possession of the stones, in any event, until they were entitled to take possession of the premises upon which the building was to be erected, for the purposes of the contract. Although more than a year had elapsed after making the contract in question, and before the commencement of this action, so far as appears by the complaint the only act or thing which the plaintiffs claim to have done under the contract is to demand from the defendant the flagging stones which were somewhere upon the lot upon which the school house was to be erected. To maintain an action of trover there must be a concurrence in the plaintiff both of the right of property and the actual possession, or the right to the immediate possession. 26 Am. & Eng. Enc. Law, p. 744; 1 Chit. Pl. (7th Ed.) p. 167. In Darlington, Pers. Prop. p. 36, it is said, "An action of trover may be maintained only when the plaintiff has been in possession of the goods, or has such property in them as draws to it the right of possession." In the case of Du Bois v. Harcourt, 20 Wend. 41, it was held that, in order to maintain an action of trover, the plaintiff must show an absolute or special property in the goods, the subject of the action, and the right to the actual possession. As we have seen, in the case at bar, while the conclusion is stated in the complaint that the plaintiffs owned the property, and were entitled to actual possession, the facts alleged wholly fail to support such conclusion. In Petrie v. Stark, 79 Hun, 554, 29 N. Y. Supp. 884, the court says, "To recover in trover, there must have been possession of the property by the plaintiff, or there must be an existing right to take immediate actual possession of it." Clements v. Ytur-

ria, 81 N. Y. 285, 290. A mere equitable interest in personal property, where legal title and actual possession are in another, is not sufficient to maintain trover for the conversion. Byam v. Hampton (Sup.) 10 N. Y. Supp. 372; Tuthill v. Wheeler, 6 Barb. 362; Fulton v. Fulton, 48 Barb. 581. In the case of Morgan v. Stevens, 6 Abb. N. C. 356, it is held that where a contract to erect a building upon premises already covered by houses does not mention them, nor the use of the materials in them, the contractor becomes the owner of the materials upon taking possession and removing them. This case was cited with approval in 1 Huds. Bldg. Cont. p. 421. We think no authority can be found which sustains the proposition that a party, by entering into a contract to erect a building upon the premises of another, becomes the owner and entitled to the possession of all the appurtenances upon said premises, unless reserved in the contract, notwithstanding their removal may not be necessary to, or their presence in any manner interfere with, the performance of the work, and irrespective of whether the contractor has entered upon the premises or upon the performance of the contract or not, or has offered so to do. To hold that the complaint in this action states a cause of action would involve an assent to that doctrine. The conclusion is reached that the plaintiffs' complaint does not state facts sufficient to constitute a cause of action either in tort or upon contract.

Is the infirmity of the complaint available to the defendant, to sustain the judgment appealed from? Bliss, in his work on Code Pleading (3d Ed.), at section 478, says:

"It is an old rule that a demurrer runs through the whole series of pleadings, and that judgment will go against the first party whose pleading is defective in substance. This rule is not a technical one. It necessarily attaches to every system. For, when the court is advised of any error or defect in a pleading,—one that is not waived by pleading to the merits, and one that will render a verdict nugatory which may be founded upon it,—it will go no further, and will require the defective pleading to be amended, or will render judgment against the party thus at fault. Hence it is held that a demurrer to an answer reaches a complaint that shows a want of jurisdiction over the subject of the action, or that does not show facts that constitute a cause of action, and that a demurrer to a reply will reach an answer which fails to state facts that constitute a defense. A demurrer to a counterclaim has been held to have the same effect."

At page 645 the learned author further says:

"It should be noted that, whether the answer be sham or frivolous, a plaintiff who comes into court with a pleading radically defective can take no advantage of the fact. As in demurrer, every move on his part calls the attention of the court to the defect of his own pleadings."

In the case of Baxter v. McDonnell, 154 N. Y. 436, 48 N. E. 816, the court says:

"The rule is that, on demurrer to an answer for insufficiency, the defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. As 'a bad answer is good enough for a bad complaint,' it is necessary to examine the record to see whether the allegations of the complaint are sufficient to constitute a cause of action."

People v. Booth, 32 N. Y. 397; Village of Little Falls v. Cobb, 80 Hun, 27, 29 N. Y. Supp. 855; Clark v. Poor, 73 Hun, 143, 25 N. Y. Supp. 908.

The conclusion having been reached that the complaint fails to state a cause of action, and that such defect is available to the defendant to support the judgment appealed from, it is unnecessary to pass upon the merits of either of the answers demurred to, or to determine whether or not they, or either of them, constitute a defense to plaintiffs' alleged cause of action. It follows that the interlocutory judgment appealed from should be affirmed, with costs.

SPRING, J., concurs.