## NUMAN v. WOLF.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

1. COUNTERCLAIM—SERVICES AND DISBURSEMENTS—FORM OF ACTION—IMMATERIALITY.

Plaintiff was arrested for criminally receiving stolen goods, and fined. He asked defendant to assist him in the proceedings, and paid over to him a sum of money. Defendant engaged a lawyer, induced another party to use his influence in behalf of plaintiff, and paid his fine. Plaintiff allowed the amount of the fine and attorney's fees, and brought suit for the balance. *Held*, that under Code Civ. Proc. § 501, subd. 1, providing that a counterclaim must be a cause of action arising out of the contract or transaction set forth in the complaint or connected with the subject of the action, irrespective of the form of the action, defendant could set up as counterclaim the amount paid to the third party for services, and also the value of his own time and labor.

2. SAME—UNCERTAIN VALUE—REVERSAL.

Where the only evidence of the value of defendant's services, which should have been allowed by way of counterclaim, was his own testimony fixing their worth largely in excess of their real value, the court, in deciding the case, will reverse the judgment of the lower court, rather than modify it.

McLennan, J., dissenting.

Appeal from judgment on report of referee.

Action by Simon Numan against Samuel Wolf. From a judgment for plaintiff, defendant appeals. Reversed.

In November, 1900, the plaintiff was arrested and taken before the recorder of the city of Little Falls upon an information charging him with the offense of criminally receiving stolen property. The examination was run along for a few days, when the recorder accepted a plea of guilty of petit larceny, and fined the plaintiff $20, upon the payment of which he was discharged. The plaintiff was a Jew, speaking the English language imperfectly, and asked the defendant, a fellow countryman, to assist him in the proceeding. The plaintiff had on deposit at one of the banks in the city $140, which was paid over to the defendant at the latter's request, with $2 in cash, which was all the money the plaintiff had; and at the same time he delivered over his watch and ring to the defendant. The defendant was active in organizing the defense for the plaintiff, and engaged a lawyer in his behalf, and induced another Jew, named Hertzberg, apparently of some influence, to interest himself in behalf of the plaintiff. The defendant left with the recorder $100 of the money paid him by the plaintiff in lieu of a recognizance out of which the fine of $20 was paid, and the residue returned to the defendant, who also paid the attorney $25 and Hertzberg $20. The plaintiff commenced this action to recover the $97; thus recognizing the payment of the fine and the sum to the attorney, but ignoring that paid to Hertzberg, and refusing to allow anything to the defendant for his services. The defendant contends that by his agreement with the plaintiff he was to be paid $75 for the work he did in the matter. There was also some proof tending to show that the defendant was to be paid for his trouble what it was worth, rather than a fixed sum, and he testified that his services were of the value of $20 a day, and that he spent five days in connection with the proceeding before the recorder.

Argued before McLENNAN, SPRING, WILLIAMS, HIS-
COCK, and DAVY, JJ.

Eugene E. Sheldon, for appellant.
John D. Beckwith, for respondent.

SPRING, J.   The referee found that whatever agreement the
plaintiff made with the defendant at the time of the arrest was void,
as the plaintiff was under the stress of great excitement.   He fur-
ther allowed to the defendant the sums paid out aggregating $65,
and directed judgment for $77, the balance paid to the defendant
by the plaintiff.   The referee further found as a fact that the defend-
ant rendered valuable assistance to the plaintiff in the proceeding in
the recorder's court, and for which he should be compensated, but,
as the action was in form for conversion, it was improper to deduct
the claim of the defendant from the moneys in his custody.   Accord-
ing to the findings of the referee, the plaintiff was to deduct the ex-
penses incurred in connection with the arrest and examination of the
plaintiff.   This implied an accounting by the defendant, and the cor-
rectness of the decision of the referee that the complaint is for con-
version is quite doubtful.   Greentree v. Rosenstock, 61 N. Y. 583;
Segelken v. Meyer, 94 N. Y. 473–483, et seq.; Conaughty v. Nichols,
42 N. Y. 83.   Conceding, however, that the complaint is in tort,
still the alleged counterclaim was a proper defense, as it and the
plaintiff's cause of action originated in the same transaction.   Code
Civ. Proc. § 501, subd. 1; Savage v. City of Buffalo, 50 App. Div.
136, 63 N. Y. Supp. 941; Carpenter v. Insurance Co., 93 N. Y. 552;
D'Auxy v. Dupre, 47 App. Div. 51, 62 N. Y. Supp. 244; Eckert v.
Gallien, 40 App. Div. 525, 58 N. Y. Supp. 85.   The transaction which
is the basis of the plaintiff's cause of action was the payment of the
money to provide for his defense or discharge, and the services per-
formed by the defendant were "connected with the subject of the
action" (Code Civ. Proc. § 501, subd. 1), and hence, irrespective of
the form of the action, was proper to be shown "to diminish the
plaintiff's recovery."   While the defendant is apparently making the
distressful situation from which the plaintiff was seeking to be ex-
tricated the pretext for an extortionate demand, yet the defendant was
not a volunteer.   He was not rendering a gratuitous service for the
plaintiff, but it may fairly be said that the expenses incident to the
arrest and a fair recompense for defendant's time and labor in behalf
of the plaintiff were in the contemplation of the parties at the time
the money was turned over to the defendant, and to be paid there-
from.   The allowance to the defendant for his services fall in the
same category as the payment to Hertzberg, which is sustained by
the referee.   All these charges had a common origin, and pertained
to the proceeding in the recorder's court.   The amount involved is
small, and we would modify the judgment, except that the only proof
in the record of the value of the defendant's services is that given
by himself, fixing their worth at $20 a day, which is largely in excess
of their real value.   We therefore grant a new trial before another
referee, and reverse the judgment, with costs to the appellant to abide
the event.

Judgment reversed, and new trial ordered before another referee, with costs to the appellant to abide the event. All concur, except McLENNAN, J., who dissents.