SIMON NUMAN, Respondent, *v.* SAMUEL WOLF, Appellant.

*Action for the conversion of money — a counterclaim for services rendered in the same transaction in which the defendant received the money from the plaintiff is proper.*

In an action to recover the sum of ninety-seven dollars, it appeared that the plaintiff, upon being accused of a crime, requested the assistance of the defendant and turned over to him the sum of one hundred and forty-two dollars. Out of that sum the defendant paid the plaintiff's fine of twenty dollars, twenty-five dollars to the attorney who defended the plaintiff, and twenty dollars to another person who had interested himself in the plaintiff's behalf, and retained the balance. The plaintiff only recognized as authorized the payment of the fine and of the attorney's fee.

*Held*, that, assuming that the action was in conversion, the defendant was entitled to interpose, as a counterclaim, a claim for the value of the services rendered by him to the plaintiff, as such counterclaim and the plaintiff's cause of action originated in the same transaction.

McLENNAN, J., dissented.

APPEAL by the defendant, Samuel Wolf, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 22d day of October, 1901, upon the report of a referee for seventy-seven dollars damages.

In November, 1900, the plaintiff was arrested and taken before the recorder of the city of Little Falls upon an information charging him with the offense of criminally receiving stolen property. The examination was run along for a few days when the recorder accepted a plea of guilty of petit larceny and fined the plaintiff twenty dollars upon the payment of which he was discharged. The plaintiff was a person of foreign birth, speaking the English language imperfectly, and asked the defendant, a fellow countryman, to assist him in the proceeding. The plaintiff had on deposit at one of the banks in the city one hundred and forty dollars, which was paid over to the defendant at the latter's request with two dollars in cash which was all the money the plaintiff had, and at the same time he delivered over his watch and ring to the defendant. The defendant was active in organizing the defense for the plaintiff and engaged a lawyer in his behalf and induced another fellow countryman named Hertzberg, apparently of some influence, to interest himself in behalf of the plaintiff. The defendant left with the recorder one hundred dollars of the money paid him by the plaintiff in lieu of a recognizance, out of which the fine of twenty dollars was paid and the residue returned to the defendant, who also paid the attorney twenty-five dollars and Hertzberg twenty dollars. The plaintiff commenced this action to recover the ninety-seven dollars, thus recognizing the payment of the fine and the sum to the attorney, but ignoring that paid to Hertzberg and refusing to allow anything to the defendant for his services. The defendant contends that by his agreement with the plaintiff he was to be paid seventy-five dollars for the work he did in the matter. There was also some proof tending to show that the defendant was to be paid for his trouble what it was worth rather than a fixed sum, and he testified that his services were of the value of twenty dollars a day, and that he spent five days in connection with the proceeding before the recorder.

*Eugene E. Sheldon,* for the appellant.

*John D. Beckwith* and *A. H. Bellinger,* for the respondent.

SPRING, J. :

The referee found that whatever agreement the plaintiff made with the defendant at the time of the arrest was void, as the plaintiff was under the stress of great excitement. He further allowed to the defendant the sums paid out, aggregating sixty-five dollars, and directed judgment for seventy-seven dollars, the balance paid to the defendant by the plaintiff. The referee further found as a fact that the defendant rendered valuable assistance to the plaintiff in the proceeding in the Recorder's Court, and for which he should be compensated, but as the action was in form for conversion it was improper to deduct the claim of the defendant from the moneys in his custody.

According to the findings of the referee the plaintiff was to deduct the expenses incurred in connection with the arrest and examination of the plaintiff. This implied an accounting by the defendant, and the correctness of the decision of the referee that the complaint is for conversion is quite doubtful. (*Greentree* v. *Rosenstock*, 61 N. Y. 583; *Segelken* v. *Meyer*, 94 id. 473, 483 *et seq.*; *Conaughty* v. *Nichols*, 42 id. 83.)

Conceding, however, that the complaint is in tort, still the alleged counterclaim was a proper defense, as it and the plaintiff's cause of action originated in the same transaction. (Code Civ. Proc. § 501, subd. 1; *Savage* v. *City of Buffalo* [*No.* 2], 50 App. Div. 136; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *D'Auxy* v. *Dupre*, 47 App. Div. 51 ; *Eckert* v. *Gallien*, 40 id. 525.)

The transaction which is the basis of the plaintiff's cause of action was the payment of the money to provide for his defense or discharge, and the services performed by the defendant were " connected with the subject of the action " (Code, § 501, subd. 1), and hence, irrespective of the form of the action, were proper to be shown " to diminish * * * the plaintiff's recovery."

While the defendant is apparently making the distressful situation from which the plaintiff was seeking to be extricated the pretext for an extortionate demand, yet the defendant was not a volunteer. He was not rendering a gratuitous service for the plaintiff, but it may fairly be said that the expenses incident to the arrest and a fair recompense for defendant's time and labor in behalf of the plaintiff were in the contemplation of the parties at the time

the money was turned over to the defendant and to be paid there-from. The allowance to the defendant for his services fall in the same category as the payment to Hertzberg, which is sustained by the referee. All these charges had a common origin and pertained to the proceeding in the Recorder's Court.

The amount involved is small, and we would modify the judgment, except that the only proof in the record of the value of the defendant's services is that given by himself fixing their worth at twenty dollars a day, which is largely in excess of their real value.

We, therefore, grant a new trial before another referee and reverse the judgment, with costs to the appellant to abide the event.

WILLIAMS, HISCOCK and DAVY, JJ., concurred; McLENNAN, J., dissented.

Judgment reversed and a new trial ordered before another referee, with costs to the appellant to abide event.