O'BRIEN et al. v. DWYER et al.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. COUNTERCLAIM—WHAT CONSTITUTES.

Code Civ. Proc. § 501, subd. 1, authorizes as a counterclaim a cause of action arising out of the contract or transaction set forth in the complaint or connected with the subject of the action. Plaintiffs sued in conversion to recover $800 paid by defendant C. to plaintiffs' agent for margins on the purchase of stock made by plaintiffs for C., and which

money defendants unlawfully obtained from the agent and refused to repay. C. set up by way of counterclaim that he requested plaintiffs to purchase certain stock, and "put up and deposited with them as margins $1,110, upon the representations of the plaintiffs that such stock had been purchased, and that these are the same transactions which are set forth in the complaint," and "that the plaintiffs did not in fact purchase such stock, * * * but declined to return said sum of $1,110," which defendant seeks to recover. *Held* to be a proper subject of counterclaim.

McLennan and Hiscock, JJ., dissenting.

Appeal from special term, Onondaga county.

Action by Henry O'Brien and others, constituting the Syracuse Stock & Grain Company, against John J. Dwyer and Clarence E. Cooley. From an order of the special term, denying the motion of the defendants dismissing the complaint and for judgment on the second counterclaim contained in the answer of defendant Cooley, defendants appeal. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Myron D. Short, for appellants.
John F. Nash, for respondents.

SPRING, J. The complaint shows that the plaintiffs, as copartners, were engaged in the stock brokerage business in the city of Syracuse; that one Spencer was a local broker in Canandaigua, in this state, operating wholly through the plaintiffs; that on May 9, 1901, defendant Cooley was indebted to the plaintiffs in the sum of $800 for margins on stock transactions carried on through Spencer at the instance of Cooley; that for the purpose of making good this indebtedness the said Cooley paid said sum to Spencer, to be delivered to the plaintiffs; that Spencer was improperly and unlawfully induced by the defendant Dwyer, who had obtained possession of the money without the consent of the plaintiffs, to repay the same to the defendant Cooley,—and the plaintiffs seek to recover the money, charging the defendants with the conversion thereof. The defendant Cooley admits and alleges in his answer that he paid Spencer $1,110 as margins to purchase certain "listed" stocks, $310 of which were paid by Spencer to the plaintiffs, which he seeks to recover, and sets forth certain other defenses, and interposes a second counterclaim in substance as follows: That the defendant, between May 4 and 9, 1901, requested the plaintiffs to purchase "70 shares of certain 'listed' stocks," being the same referred to in the answer aforesaid, and "put up and deposited with them as margins $1,110, upon the representation of the plaintiffs that such stock had been purchased, and that these are the transactions which are set forth in the complaint; that the plaintiffs did not in fact purchase said stock, or become liable, by reason of the request of the defendant, but declined to return said sum of $1,110," which the defendant seeks to recover. A reply was interposed to the counterclaim, and upon the application of the defendants an order was granted to make it more definite and certain, and the amended reply was served, which was returned by the attorney for the defendants on the ground that it did not comply with.

the order, and thereafter a motion was made for an order striking out such reply and for judgment on the second counterclaim contained in the answer.

In an opinion delivered by the learned justice at special term, denying the motion, it appears that such denial was placed upon the ground that the counterclaim is not proper, as the complaint is in tort and the cause of action alleged in the answer is in contract not arising out of the transaction which constitutes the plaintiffs' cause of action. The analysis of the complaint in brief shows that the cause of action is in conversion to recover $800 paid by the defendant Cooley to the plaintiffs' agent, Spencer, for margins on the purchase of stocks made by the plaintiffs for Cooley and at his request, and which money the defendants have unlawfully obtained from said agent and illegally withhold it from the plaintiffs. The answer is that the money was repaid properly and voluntarily, and the defendant Cooley as a counterclaim alleges that he paid to the plaintiffs these margins upon their agreement to make the purchases as directed by him; that no purchase of stock was in fact made by the plaintiffs as directed by the said defendant, and no liability was incurred on account of this order; and this is the same transaction contained in the plaintiffs' complaint, and he seeks to recover the sum unpaid. If the facts alleged in the counterclaim are true, they arose out of the same transaction which constituted the plaintiffs' alleged cause of action, or at least are "connected with the subject of the action"; and hence the counterclaim is of the character specified in subdivision 1 of section 501 of the Code of Civil Procedure. Carpenter v. Insurance Co., 93 N. Y. 552; Savage v. City of Buffalo, 50 App. Div. 136, 63 N. Y. Supp. 941; Numan v. Wolf, 73 App. Div. 38, 76 N. Y. Supp. 371; Cooper v. Kipp, 52 App. Div. 250, 65 N. Y. Supp. 379. In this case, if the position of the defendant Cooley is correct, that there was but one transaction between him and the plaintiffs growing out of the payment of the money to be put up as margins, then it is important that the whole controversy be disposed of in this action. It is the policy of the law, even where the complaint is in tort, if the counterclaim interposed either arose out of the transaction which is the foundation of the plaintiffs' cause of action or is connected with it, that the entire controversy should be wound up in one action. Smith v. Rowe, 49 App. Div. 582, 588, 64 N. Y. Supp. 389; Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5. When that question is presented by demurrer or upon a motion of this kind, we must depend entirely upon the pleadings, for the purpose of determining whether the counterclaim is one permitted by the Code. Under that rule it is quite apparent that the counterclaim is proper. If it should develop on the trial that this was a mere fiction of the pleader, and that the transaction constituting the counterclaim originated in an independent contract or was not connected with the subject of the plaintiffs' cause of action, proof should not be permitted to sustain the same.

The amended reply, served pursuant to the order of the special term, is as evasive and uncertain as the original reply, and does not comply with the order. The order of the special term should be reversed, with $10 costs and the disbursements of this appeal, and the

motion for judgment on the counterclaim granted, with $10 costs, unless the plaintiffs within 20 days serve a reply in compliance with the order of the special term and pay the $10 costs and disbursements of this appeal and $10 costs of the original motion, in which event the motion for judgment is denied.

So ordered. All concur, except McLENNAN and HISCOCK, JJ., who dissent.