(49 Misc. Rep. 94)

### KNEELAND et al. v. PENNELL.

(Supreme Court, Appellate Term.   December 21, 1905.)

1. PLEADING—DEMURRER—SUFFICIENCY.

A demurrer to a counterclaim, on the ground that it is not of the character specified in Code Civ. Proc. § 501, providing what causes of action may be set up as a counterclaim, is sufficiently specific.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 476, 477, 513.]

2. SET-OFF AND COUNTERCLAIM—SUBJECT-MATTER—CLAIMS ARISING OUT OF TRANSACTION SUED ON.

Under Code Civ. Proc. § 501, subd. 1, permitting a counterclaim to be interposed if it be a cause of action arising out of the "contract or transaction" set forth in the complaint, it is not essential that the counterclaim, in an action on contract, should state a cause of action on contract arising out of the transaction sued on, but it may state a cause of action sounding in tort arising out of the transaction.

3. SAME—ACTION ON NOTE—COUNTERCLAIM—VALIDITY.

In an action on a note given to plaintiff in payment of a debt arising out of plaintiff's dealing in wheat for defendant's account, a claim for

damages, sustained by defendant in consequence of the misconduct of plaintiff in the course of the transactions, may be set up as a counterclaim, within Code Civ. Proc. § 501, permitting the interposition of a counterclaim if it be a cause of action arising out of the contract or transaction sued on.

4. PLEADING—DUPLICITY—OBJECTIONS.

A demurrer to a counterclaim, on the ground that it does not state a cause of action, cannot prevail where a cause of action is alleged, though the counterclaim would be open to the objection of duplicity if such objection were properly raised.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 482, 1384.]

5. ACCOUNT STATED—MODE OF SETTLING—GIVING OF NOTE—EVIDENCE.

The giving of a note for the amount shown to be due by an account is only prima facie evidence of an account stated, and the maker may show that it was not given in acknowledgement of the correctness of the account and in settlement thereof.

6. BILLS AND NOTES—ACTION ON NOTE—COUNTERCLAIM—PLEADING—SUFFICIENCY.

A counterclaim, in an action on a note secured by a collateral, which alleges notice to defendant of time and place of sale of collateral, and that plaintiff promised that he would not sell at the time so fixed until he had given previous notice to that effect, and that he did sell without giving such notice, alleges in effect that plaintiff sold the collateral without any notice, and states a cause of action.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Pledges, § 158.]

Appeal from City Court of New York, Special Term.

Action by Yale Kneeland and another against John F. Pennell. From an order overruling demurrers to counterclaims, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Goodale & Hanson (John McG. Goodale, of counsel), for appellants.
Pratt & Koehler (Addison S. Pratt, of counsel), for respondent.

SCOTT, P. J. The plaintiffs sue upon a promissory note, claiming to recover the amount of its face and interest less a small sum said to have been realized upon the sale of collateral. The defendant, by way of answer, sets up three counterclaims, one, apparently for damages for plaintiffs' misconduct in executing or refusing to execute orders to buy and sell wheat, and two for damages for the conversion of certain collateral deposited with plaintiffs to cover defendant's speculation in grain. It appears from the allegations of the counterclaims that for some time prior to the making of the note in suit plaintiffs, as brokers, had been engaged in buying and selling wheat for defendant, upon margin, and that in addition to a certain cash margin he had deposited with plaintiffs a certificate for 100 shares of a certain stock. That on or about April 6, 1905, plaintiffs had rendered an account to defendant purporting to show that he owed them $1,220.50, over and above his cash margin; that plaintiffs threatened to sell his stock margin or security, and in order to protect that and prevent its sale he gave them the promissory note in suit dated April 19, 1905, and left the 100 shares of stock in their hands as collateral. It is further alleged in the second and third counterclaims that on August 2, 1905, the plaintiffs, without notice to defendant, sold the stock deposit-

ed with them, first as margin for the wheat transaction, and afterwards as collateral security for the note. To each of these counterclaims the plaintiffs demur; first, because they are not of the character specified in section 501 of the Code of Civil Procedure; and, second, because neither of them states facts sufficient to constitute a cause of action. The court below was of opinion that the first ground of demurrer was not sufficiently stated, in that it did not point out the particular ground of demurrer, but was couched generally in the words of the Code.

This method of stating this particular ground of demurrer has prevailed in this department for a number of years, and must, we think, be deemed sufficiently specific. Eckert v. Gallien, 40 App. Div. 525, 58 N. Y. Supp. 85. Although sufficiently stated, the demurrer on this ground cannot be sustained in this case. Section 501 of the Code, in its first subdivision, permits a counterclaim to be interposed, if it be "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." It is not essential under this subdivision that the counterclaim, in an action upon contract, should also be a cause of action upon contract, provided it arises out of the contract or transaction set forth in the complaint, or is connected with the subject of the action. In that case it may be a cause of action sounding in tort. Our courts, in the interests of justice, have uniformly shown a tendency to give a liberal construction to this section. The theory of the Code generally adopted is that it was intended to authorize all connected causes of action, whether arising out of contracts or torts, to be litigated in the same action, and to this end it has been held that the word "transaction" as used in the section is broader than the word "contract," so that, if the defendant's cause of action arises out of the same transaction out of which the plaintiffs' arises, it may be pleaded as a counterclaim. Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5. Thus it has been held by the Court of Appeals (and the decision is especially in point as to the second and third counterclaims) that, in an action upon a promissory note, the defendant may counterclaim for his damages resulting from the conversion by the holder of the note of property pledged with him as collateral security for the payment of the note. Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189. That the first counterclaim also falls within the class of those permitted by section 501 seems equally clear. The transaction out of which the plaintiffs' cause of action arose was the dealing in wheat for defendant's account, and the defendant's first counterclaim arises out of plaintiffs' alleged misconduct in the course of those transactions. The demurrer therefore cannot prevail, although sufficiently stated.

It remains to consider the second ground that no cause of action is stated. The first counterclaim is involved and inartificial and would possibly be open to the objection of duplicity if properly raised. That objection is not raised, however, and the demurrer cannot prevail, if one good cause of action can be spelled out of the counterclaim as pleaded. We think that there is sufficiently pleaded negligence and failure to fulfill orders on the part of plaintiffs in carrying out the orders of the defendant. The net result of the transactions embraced in the third and fourth paragraphs of the complaint, and how the plaintiffs'

negligence therein alleged caused any damage, are somewhat obscure, but the fifth clause seems to set forth a cause of action, under Harris v. Tumbridge, 8 Abb. N. C. 291, 83 N. Y. 92, 38 Am. Rep. 398, which appears also to be authority for the measure of damage sought to be applied. See, also, Campbell v. Wright, 118 N. Y. 594, 23 N. E. 914; Roger v. Wiley, 131 N. Y. 527, 30 N. E. 582; Lazare v. Allen, 20 App. Div. 616, 47 N. Y. Supp. 340. We cannot follow the plaintiff in his contention that the first counterclaim, as pleaded, defeats itself; because, in alleging that a note was given for the amount apparently due from defendant to plaintiffs, it virtually asserts that an account was stated between the parties, upon which the amount represented by the note was found to be due. The rule undoubtedly is that the giving of a note for the amount shown due by an account is prima facie evidence of an account stated, but it is only that, and it remains open to the maker of the note to show that it was not given in acknowledgment of the correctness of the account and in settlement thereof. Wright v. Wright, 74 Hun, 138, 26 N. Y. Supp. 238.

Our conclusion is that the first counterclaim states a cause of action. As to the second and third counterclaims, their sufficiency is even more apparent. The second sets forth a cause of action for conversion of the collateral, and is quite sufficient without considering the paragraph numbered 11 which may be disregarded. The third counterclaim also sets out a cause of action in conversion. It differs from the second, because, while it alleges notice to defendant of the time and place of sale, it further alleges that plaintiffs promised defendant that they would not sell at the time so fixed, unless and until they had given him previous notice to that effect, and that they did sell at that time without giving him such notice. This is precisely equivalent to selling without any notice at all. The object of notice is to give the owner of the collateral an opportunity to protect himself against a sacrifice of his collateral, and to mislead him, as defendant alleges he was misled by the plaintiffs, necessarily operates to deprive him of the opportunity for self-protection.

It follows that the demurrers were properly overruled, and that the judgment must be affirmed, with costs, with leave to plaintiffs to withdraw the demurrers and reply within six days, upon payment of costs in this court and the court below. All concur.