Jacob Carpenter, Appellant, *v.* The Manhattan Life Insurance Company, Respondent.

In an action for the alleged wrongful taking and conversion of a quantity of wood, defendant set up as a counter-claim, in substance, that he held a bond and a mortgage as collateral upon certain lands which were insufficient security, and the obligor was insolvent; that plaintiff being a second mortgagee in possession of the lands, with knowledge of the facts and with intent to reduce, and deprive defendant of, its security, and to defraud it, wrongfully cut the wood in question from the said land, thereby wasting the land, etc., to defendant's damage; that on foreclosure of defendant's mortgage and sale thereunder, a large deficiency was left. *Held,* that defendant's claim was "connected with the subject of the action" within the meaning of the Code of Civil Procedure (§ 501), and so constituted a proper counter-claim.

A counter-claim must have such a relation to the subject of the action that it will be just and equitable that both should be settled by one litigation, and that the claim of the defendant should be offset against or applied upon that of the plaintiff.

(Submitted October 10, 1883; decided October 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 14, 1880, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 22 Hun, 49.)

The nature of the action and the material facts are stated in the opinion.

*M. M. Silliman* for appellant. The fraudulent intent to impair the security of the mortgage is the gist of the action. (*Gardner* v. *Heartt*, 3 Denio, 232, 236.) Although the facts relied upon by the defendant as a counter-claim would constitute a cause of action, yet they would not impair the plaintiff's title to the severed wood, or in any manner give the defendant any title to, or lien upon it. (*Wilson* v. *Maltby et al.*, 59 N. Y. 129; *Peterson* v. *Clark*, 15 Johns. 204; *Van Pelt* v. *McGraw*, 4 N. Y. 112.) Although the facts relied upon by the defendant as a counter-claim constitute by themselves a good cause of action, yet they do not, in this action for the conversion of the wood a considerable time subsequent to its severance, make a valid counter-claim. (*Smith* v. *Hall*, 67 N. Y. 51; *Bissell* v. *Pearse*, 21 How. Pr. 141; *Huelet* v. *Reyns*, 1 Abb. Pr. [N. S.] 27, 29, 30 ; *Chamboret* v. *Cagney*, 2 Sweeney, 378.) In construing the section of the Code which permits the union, in the same complaint, of two or more causes of action arising out of "the same transaction or transactions or connected with the subject-action, of the action," it has been held that "the same transaction" means "the same thing done." (*Anderson* v. *Hill*, 53 Barb. 238, 246; *Bissell* v. *Pearse*, 21 How. Pr. 141.) The expression "subject of the action" in the section of the Code relating to counter-claim, has been judicially defined to mean "the subject-matter in dispute, the facts constituting the cause of action." (*Chamboret* v. *Cagney*, 2 Sweeney, 385; *Lehmair* v. *Griswold*, 8 J. & S. 101; *Bissell* v. *Pearse*, 21 How. Pr. 141.) Counter-claims are not admissible in actions for conversion. (*Smith* v. *Hall*, 67 N. Y. 51; *Lehmair* v. *Griswold*, 8 J. & S. 100 ; *Piser* v. *Stearns*, 1 Hilt. 86, 88 ; *Chambers* v. *Lewis*, 2 id.

591; *Huelet* v. *Reyns,* 1 Abb. Pr. [N. S.] 27, 29, 30; *Murden* v. *Priment,* 1 Hilt. 75; *Harris* v. *Curet,* 9 Abb. Pr. [N. S.] 200; 203; *Barhyte* v. *Hughes,* 33 Barb. 320; *Anderson* v. *Hill,* 53 id. 245–247.) Even in actions on contract for rent the tenant cannot counter-claim a trespass committed upon the leased premises by the landlord during the term. (*Edgerton* v. *Page,* 20 N. Y. 285; *Drake* v. *Cockroft,* 4 E. D. Smith, 39; *Cram* v. *Dresser,* 2 Sandf. 125, 126.) The right of the plaintiff to claim, and the right of the defendant to counter-claim, upon any given or supposed facts in controversy, must be reciprocal. (*Mayor, etc.,* v. *Parker Vein Steamship Co.,* 21 How. Pr. 292; *Xenia B'k* v. *Lee,* 2 Bosw. 694.) Plaintiff's reply was no waiver of his right to object to the defendant's counter-claim, or to the reception of evidence to prove it. (*Smith* v. *Hall,* 80 N. Y. 162, 170.)

*Martin J. Keogh* for respondent. The mortgagee, the defendant herein, would have a good cause of action against the plaintiff for the acts of waste committed by him while in possession of the premises as second mortgagee, with the knowledge that the value of the defendant's security was injured thereby, and that the bondsman or mortgagor was insolvent. (*Van Pelt* v. *McGraw,* 4 N. Y. 110; *Gardner* v. *Heatly,* 3 Denio, 232.) Even if defendant's counter-claim is improper in this action, plaintiff by replying thereto, and taking issue on its allegations, has not agreed to go to trial, and it is not too late to object to proof of the same on trial. (*Burdick* v. *Post,* 12 Barb. 168; *Ayres* v. *O'Farrell,* 10 Bosw. 146, 147.) The erroneous exclusion by the court of a counter-claim properly in issue would be fatal to the claim in another suit. (*Jackson* v. *Parkhurst,* 5 Johns. 128; *Grant* v. *Button,* 14 id. 377.) So where pleaded and not objected to, although the set-off was a tort, it would be equally fatal. (*King* v. *Fuller,* 3 Caines, 152; *McLean* v. *Hungarian,* 13 Johns. 184; *Wilder* v. *Case,* 16 Wend. 583; *Campbell* v. *Butts,* 3 N. Y. 173; *Ayres* v. *O'Farrell,* 10 Bosw. 147–148.) As the facts set up by way of counter-claim in the defendant's answer " arise out

of the same transaction set forth in the complaint as the foundation of the plaintiff's claim," the defendant properly pleads them as a counter-claim in this action. (*G. & H. Manuf'g Co.* v. *Hall*, 61 N. Y. 236.) Section 501 of the Code opens to a defendant the full right to assert his claim to any relief, legal or equitable, to which, upon the facts alleged in his answer, he would be entitled had he prosecuted his cross-action. (*Xenia B'k* v. *Lee*, 2 Bosw. 707.) Though as a general rule a counter-claim cannot be set up by a defendant in an action on tort, the tendency of recent decisions, and especially under the Code, has been to release the rule as far as possible, and afford the defendant an opportunity of litigating without a separate action any claim which he may have against the plaintiff, which is within the spirit or meaning of section 504. (*Tompson* v. *Kessel*, 30 N. Y. 389; *Fettrech* v. *McKay*, 47 id. 427; *Isham* v. *Davidson*, 51 id. 240.) In a case where the conversion is but an incident of the breach of the agreement set forth in the plaintiff's reply, a cause of action arising out of the same transaction can properly be set up as a counter-claim. (*Austin* v. *Randon*, 44 N. Y. 69, 70.)

EARL, J. The action was brought to recover against the defendant for the wrongful conversion, on the 23d day of January, 1879, of a quantity of cord wood. The answer admitted the possession of the wood by the plaintiff, and that the defendant took the same, but denied that the plaintiff owned the wood; and then for a counter-claim, it was alleged that on the 28th day of September, 1871, one Markham, then the owner in fee of the land mentioned in the complaint, executed to the defendant a bond, and a mortgage as collateral thereto on the land, to secure the payment to the defendant of the sum of $45,000, with interest; that thereafter, on default of payment of the sum thus secured, the defendant foreclosed the mortgage and became the purchaser at the foreclosure sale, for a sum which left a deficiency of over $17,000, for which judgment was entered against Markham, who was then, and for three years had been, to the knowledge of the plaintiff, wholly insolvent;

that the land was, to the knowledge of the plaintiff, insufficient security for the amount of the bond and mortgage, and he being a second mortgagee with such knowledge, and in possession of the land, between November 7, 1877, and January 23, 1879, wrongfully, fraudulently and with intent to cheat and defraud the defendant, and with the intent to reduce its security and deprive it of such security, cut or caused to be cut from the land the wood mentioned in the complaint, thereby wasting the land, and lessening and reducing defendant's security to its damage $500.

Upon the trial, after the plaintiff had proved his title to the wood, its quantity and value, and the conversion thereof by the defendant, and had rested his case, the defendant then offered to prove the facts alleged in the answer by way of counter-claim, and the plaintiff objected to such proof and the court sustained the objection. From the judgment entered in favor of the plaintiff, the defendant appealed to the General Term, and there the judgment was reversed, and then the plaintiff appealed to this court.

It is admitted by the plaintiff, as claimed on the part of the defendant, that the facts alleged in the answer show a cause of action against the plaintiff. But the plaintiff's claim is, and so it was held at the trial term, that the cause of action did not arise out of the transaction set forth in the complaint, and was not connected with the subject of the action, and hence was not a proper counter-claim under section 501 of the Code.

The transaction set forth in the complaint was the conversion of the wood, and hence it cannot be said that the counter-claim arose out of that transaction. But, was it not connected with the subject of the action? The word "connected" may have a broad signification. The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine.

The counter-claim must have such a relation to, and connection with, the subject of the action, that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counter-claim should

be settled in one action by one litigation ; and that the claim of the one should be offset against, or applied upon, the claim of ·the other. Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counter-claim was for damages sustained by the defendant, in the wrongful impairment of its security, by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counter-claim its damage for the severance of the wood against the plaintiff's claim for the conversion thereof. In the forum of conscience, the plaintiff was under obligation to restore the wood to the defendant as a portion of its security for its claim against the mortgagor. Thus it can with great propriety be said that defendant's claim had some connection with the subject of the action.

The order of General Term should be affirmed, and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.