Daniels, J.
The plaintiff, by his complaint, set forth three causes of action for commissions alleged to be due and owing to himself for services performed asa broker, for selling real estate, and obtaining a loan on a bond and mortgage for the sum of $12,000. By that part of the answer demurred to, a counter-claim was alleged to have arisen in the defendant’s favor for misrepresentations made by the plaintiff concerning the condition and value of vacant lots of land in the city of Brooklyn, for which she was induced to exchange property owned by her and situated at Scranton, in the state of Pennsylvania.
It was not alleged, however, in the answer, by way of presenting this counter-claim nor otherwise that the prop-. *135 erty exchanged by her for the Brooklyn lots was the same property or any part of it, referred to, or mentioned in the complaint. Neither was it, in any form, stated that this exchange of property was either directly or indirectly connected with either of the transactions mentioned in the complaint, nor was it stated that the plaintiff had violated any contract entered into between himself and the defendant. And as his action was wholly upon contract, the effect of the omission of these allegations was to exclude her claim as a counter-claim in the action. For by section 501 of the Code of Civil Procedure, the counter-claim must be either a cause of action arising out of the contract or transaction set forth in the complaint, or it must be connected with the subject of the action, or be some other cause of action on contract existing at the time of the commencement of the action.
The facts alleged by the defendant in this part of her answer, disclose no claim falling within either of these designated classes.
The answer is not sustained by anything contained in Carpenter v. Manhattan Insurance Co. (93 N. Y., 552), or in Isham v. Davidson (52 id., 231), or in Cragin v. Lovell (88 id., 258), in each of which the counter-claim sustained was, by the answer settingit forth, connected with the subject matter of the action itself. In this answer there is entire absence of that circumstance.
The answer, too, is defective in another respect. For while it has been aheged that the lands in Brooklyn were not of the value he represented them to be, and that his representations were exaggerated and untrue, and calculated to and did mislead the defendant, and induced her to enter into the contract and carry out the same when she -otherwise would not have done so, it has not been averred that he was actuated with any intent to deceive in making these representations. And without the existence of such an intention, no right of action for damages on her part is disclosed. The judgment overruling the demurrer was erroneous, and it should be reversed, and an interlocutory judgment entered sustaining the demurrer with leave to the defendant to amend in twenty days on payment of the costs of the demurrer and of this appeal.
Van Brunt, P. J., and Brady, J., concur.