(6 Misc. Rep. 531.)

ROMAINE et al. v. BREWSTER.

(City Court of New York, General Term. January 18, 1894.)

COUNTERCLAIM—MATTERS ARISING OUT OF SAME TRANSACTION.

Where a tenant suffered constructive eviction by reason of the unhealthful condition of the premises, owing to which his family became ill, a claim for the expenses of moving, medical attendance, etc., arises out of the same transaction as is set forth in a complaint by the landlord for rent accruing after the eviction, and is therefore a proper subject of counterclaim in such action.

Appeal from trial term.

Action by Benjamin F. Romaine and others against Thomas T. Brewster. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FITZSIMONS, NEWBURGER, and McCARTHY, JJ.

Davison & Chapman, for appellant.

Herman W. Schnitz, for respondents.

McCARTHY, J. This action is brought to recover the rent, for the months of August and September, of a flat or apartment on the top floor of an apartment house in the city of New York, known as the "Lyndhurst." The allegations of the answer and counterclaim (which are conclusive as to the facts for the purposes of this argument) show that the plaintiffs failed to properly repair and care for certain parts of the building entirely within their care and control as landlords, and not leased to any particular tenant. There were frequent overflows and leakages from a large tank on the roof down into and which caused the apartment to become and remain so damp and unhealthful that the defendant was obliged to vacate, which he did on or about the 12th day of July, 1893, i. e. there was constructive eviction as of this date. Owing to the unhealthful condition of the flat, defendant's wife became seriously ill, and the defendant suffered damages in consequence thereof, as specifically alleged, to wit, expenses of medical attendance and drugs, loss of service, etc. He was also put to unexpected, and otherwise unnecessary, expense in finding another place of abode, and removing his family and household effects thereto. These damages he sets up by way of counterclaim. The plaintiff has demurred to the counterclaim on the ground that it is not a cause of action arising out of the contract or transaction set forth as the foundation of the plaintiff's claim, to wit, "the recovery of rent." It is to be noted that the constructive eviction occurred before the rent sued for became due. By the demurrer, the facts set out in the amended answer as constituting a counterclaim are conceded, but claimed to be insufficient. The lease is

in writing and under seal, for the term of 11½ months. The covenant of quiet enjoyment is therefore implied, and this is so in regard to every lease under seal for a period not exceeding three years. The main object of a covenant for quiet enjoyment is to protect the lessee from the lawful claims of third persons having a title paramount to the lessor; but such covenant, when fully written out, provides also for the protection of the lessee against the unlawful entry of the lessor himself. Consequently, where the law implies such a covenant from the character and terms of the instrument not containing any express engagement, the scope of the implied guaranty should be equally extensive. And it need not be averred in the pleading that the grantor acted under a claim of title; but, if the character of the act be such as reasonably to show that the defendant acted upon such an assumption, the action will be sustained. Mayor, etc., v. Mabie, 13 N. Y. 156, 157. And an eviction, either actual or constructive, is necessary to constitute a breach of this covenant. Boreel v. Lawton, 90 N. Y. 293, 296; Edgerton v. Page, 20 N. Y. 281. An eviction is defined to be when there has been an obstruction to the beneficial enjoyment of the premises, and a diminution of the consideration of the contract, by the act of the landlord. See McAdam, Landl. & Ten. pp. 478, 479. And it is not necessary that there should be actual expulsion of the tenant from the premises. If the landlord commits or suffers acts to be committed which make it necessary for the tenant to remove, this is equivalent to expulsion. See Tallman v. Murphy, 120 N. Y. 345, 352, 24 N. E. 716. If the law, as thus far presented, be correct, then the facts set out in the alleged counterclaim amount to a breach of the contract of letting, and arose of the contract or transaction set forth in the complaint, and are connected with the subject of the action, and therefore a proper subject for counterclaim. Grover, J., in Edgerton v. Page, 20 N. Y., at page 286, says:

"Unless the acts of the defendant amount to a breach of the contract of letting, they are not connected with the subject of the action. In the case of Mayor, etc., v. Mabie, 13 N. Y. 151, it was held by this court that a covenant for quiet enjoyment by the lessor was implied in a lease under seal for a term not exceeding three years, since, as before, the Revised Statutes; that this covenant was broken by an interference with possession by the lessor under a claim of right; consequently, that damages sustained from such acts might be recovered in an action for rent."

See, also, Cook v. Soule, 56 N. Y. 422; Code Civil Proc. § 501.

The counterclaim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation, and that the claim of one should be offset against or applied upon the claim of the other. Carpenter v. Insurance Co., 93 N. Y. 552, 556, 557. Here, the subject of the action is the recovery of certain rent under the terms of a written contract, and the counterclaim is to recover damages by reason of the breach of said contract. The cases cited by the respondent have been carefully examined, and do not support his contentions,

but rather sustain the' law presented here. In those cases the defendant either held over, and thus waived all objection, or the tenant was in possession of the premises during the whole of the term, and therefore there was no abandonment, or constructive eviction, or breach of the covenant of quiet enjoyment; and that any damages which the defendant may have suffered could not be allowed under the contract which was the subject of the action, but rather against the plaintiff as trespasser or wrong-doer. The facts here, however, are entirely different. For these reasons the judgment sustaining the demurrer and dismissing defendant's counterclaim should be reversed, and the demurrer overruled, with costs. All concur.