## 420 TER KUILE v. MARSLAND.

JACOB TER KUILE, Respondent, v. FRANK E. MARSLAND, Appellant.

*Counterclaim — what causes of action may be pleaded as — Code of Civil Procedure, § 501, construed.*

A defendant may plead as a counterclaim a cause of action against the plaintiff, which tends to diminish or defeat the plaintiff's recovery, provided that the cause of action is embraced within either of the two subdivisions of section 501 of the Code of Civil Procedure.

The first subdivision of section 501 of the Code of Civil Procedure does not limit the right of a defendant to interpose counterclaims to an action brought on a contract, but gives the right to interpose counterclaims in an action brought to recover damages for a tort, if the causes of action set out in the complaint and in the answer arise out of the same contract or transaction, or relate to the same subject ; nor does it provide that the cause of action set up as a counterclaim must arise out of a contract, but it authorizes the interposition of causes of action arising out of torts as counterclaims.

Where a cause of action set out in the complaint in an action, and the cause of action set out in the answer as a counterclaim, arise out of the alleged breach of the same contract, the cause of action set out in the answer may be properly pleaded as a counterclaim.

In case an action is brought to recover damages for a tort, a counterclaim arising out of a contract connected with the subject of the action may be pleaded, and in an action on a contract, damages arising out of the tort of the plaintiff, if the two causes of action are connected, may be interposed as a counterclaim.

The word "transaction," as used in section 501 of the Code of Civil Procedure, is broader than the word "contract," and, in case a defendant's cause of action arises out of a transaction out of which the plaintiff's cause of action arises, it may be pleaded as a counterclaim. So the term "subject of the action," as used therein, is broader than the term "cause of action."

Where the alleged cause of action of the plaintiff in an action arose out of the collection of money by the defendant which he had no right to collect, and the defendant's counterclaims did not arise out of the plaintiff's cause of action, but were connected with the subject of the action, that is to say, the rights and liabilities of the litigants arose out of their performance or non-performance of the duties owing to each other under their contract, and their mutual transactions thereunder, the causes of action are all "connected" within the meaning of section 501 of the Code of Civil Procedure.

APPEAL by the defendant, Frank E. Marsland, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of July, 1894, upon the decision of the court, rendered at

the New York Special Term, sustaining the plaintiff's demurrer to the first, second and third counterclaims contained in the defendant's answer, except that portion of the judgment which gives leave to the defendant to amend his answer on payment of costs, and also from the decision or findings made at the New York Special Term upon the hearing of such demurrer and filed in said clerk's office on the 25th day of June, 1894.

It is alleged in the complaint that April 1, 1892, the litigants and Orme, Evans & Co. executed a written contract, by which defendant agreed to solicit orders from dealers in the United States and Canada for goods manufactured by said firm, which orders were to be in writing, and all bills for goods were to be made out in the name of " Frank E. Marsland, agent," and that it should be stated on their face that they were to be paid to the plaintiff.

It is also alleged that the defendant, " pursuant to said contract," procured orders from divers purchasers for goods to the amount of $2,055.50, which were furnished by the plaintiff, and that the defendant wrongfully, and without authority from the plaintiff, collected the amount due for the goods ($2,055.50) and converted it to his own use.

The defendant annexed a copy of the contract of April 1, 1892, to his answer, and denied that he made the sales described in the complaint, and denied that he converted the sum therein mentioned, and set up by way of counterclaims: (1) That goods were sold under said contract to divers persons, on orders procured by the defendant, the price of which the plaintiff collected, and that there is due the defendant, by the terms of the contract, at least $2,000. (2) That the plaintiff broke the contract by refusing to pay the duties on goods received from Orme, Evans & Co., and also neglected to advise the firm of divers orders obtained by the defendant, which were not filled, to his damage in the sum of $2,000. (3) That under the contract the defendant had the exclusive right to solicit orders in the United States and Canada for the goods manufactured by Orme, Evans & Co., and that the plaintiff and said firm conspired and confederated together, wrongfully and fraudulently, to deprive, and did deprive, the defendant of such right, to his damage of $2,000.

The plaintiff demurred to the first and second counterclaims on two grounds:

"1. It appears on the face thereof that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, in that a counterclaim to recover money alleged to be due under a contract cannot be allowed in an action for conversion.

"2. The counterclaim is insufficient in law upon the face thereof."

The plaintiff demurred to the third counterclaim on three grounds:

"1. It appears on the face thereof that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, in that a counterclaim to recover for an alleged conspiracy and confederation to deprive the defendant of the benefit of an exclusive right to sell certain goods under a contract cannot be allowed in an action for conversion.

"2. It appears on the face thereof that the counterclaim does not state facts sufficient to constitute a cause of action.

"3. The counterclaim is insufficient in law upon the face thereof."

The demurrer to the three counterclaims was sustained and leave granted the defendant to serve an amended answer on paying the costs, and an interlocutory judgment was entered, from which the defendant appeals.

*William A. Abbott*, for the appellant.

*Henry A. Forster*, for the respondent.

FOLLETT, J.:

The defendant may plead as a counterclaim a cause of action against a plaintiff which tends to diminish or defeat the plaintiff's recovery, provided the cause of action is embraced within either of the two subdivisions of section 501 of the Code of Civil Procedure here quoted:

"1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

The counterclaims set up in the answer are not embraced within the second subdivision, and the question is whether they are

embraced within the first subdivision. The first subdivision provides that a cause of action in favor of a defendant and against a plaintiff may be pleaded as a counterclaim in case it arises, (1) out of the contract set forth in the complaint; (2) out of the transaction set forth in the complaint; (3) or is connected with the subject of the action. The fact that the plaintiff in this action seeks to recover for the defendant's conversion of money is not decisive of the question under consideration. The first subdivision does not limit the right of a defendant to interpose counterclaims to an action brought on a contract, but gives the right to interpose counterclaims in an action brought to recover damages for a tort, if the causes of action set out in the complaint and in the answer arise out of the same contract or transaction or relate to the same subject. (Pom. R. & R. [2d ed.] § 788.) Nor does the subdivision provide that the cause of action set up as a counterclaim must arise out of a contract, but it authorizes the interposition of causes of action arising out of torts as counterclaims. The theory of the Code is to authorize all connected causes of action, whether arising out of contracts or torts, to be litigated in the same action. The cause of action set out in the complaint arises out of the alleged tortious breach by the defendant of the written contract of April 1, 1892, to wit, the collection and conversion to his own use of money which, by that contract, he had no right to collect, but which should have been paid by the purchasers of goods to the plaintiff. The plaintiff, as the foundation for his cause of action, alleges what he asserts is the legal effect of the contract of April 1, 1892, which he must introduce in evidence before he will be permitted to give evidence tending to show that the defendant wrongfully broke it. All of the counterclaims arise out of the alleged non-performance by the plaintiff of that contract, and, besides, they are connected with the subject of the action. In other words, the cause of action set out in the complaint, and the causes of action set out in the answer as counterclaims, arise out of the alleged breach of the same contract, and the causes of action set out in the answer may be pleaded as counterclaims under section 501. (Pom. R. & R. [2d ed.] § 778.)

In *Carpenter* v. *The Manhattan Life Ins. Co.* (93 N. Y. 552) the doctrine that a counterclaim cannot be allowed in an action to recover damages for a tort was repudiated. That case arose out of

TER KUILE v. MARSLAND.

the following facts : The defendant held the first mortgage on a farm on which the plaintiff held the second mortgage. The plaintiff, while in possession of the farm under his second mortgage, cut sixty-five cords of wood, but before it was taken away the defendant acquired possession of the farm through the foreclosure of its mortgage, on which foreclosure there was a large deficiency. The defendant refused to permit the plaintiff to remove the wood, and, in an action to recover damages for its conversion, was permitted to set up, as a counterclaim, that the farm was inadequate security for the first mortgage ; that the mortgagor was insolvent, which facts the plaintiff well knew, and, being in possession, wrongfully committed waste by cutting the wood, to the injury of the farm of $500.

In discussing the question it was said that the transaction set out in the complaint was the conversion of the wood, and that the counterclaim did not arise out of that transaction ; but it was held that it was connected with the subject of the action.

The court said : " The counterclaim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters* alleged in the complaint and in the counterclaim should be settled in one action by one litigation, and that the claim of the one should be offset against, or applied upon, the claim of the other."

*Thomson* v. *Sanders* (118 N. Y. 252) was an action on a bond in which the defendant pleaded a counterclaim, arising out of fraudulent representations of the plaintiff, in the transaction out of which the bond arose. It was held that, these causes of action arising out of the same transaction, the damages arising out of plaintiff's fraud were available as a counterclaim. It may be regarded as settled that, in case an action is brought to recover damages for a tort, a counterclaim arising out of a contract connected with the subject of the action may be pleaded, and that in an action on a contract damages arising out of a tort of the plaintiff, if the two causes of action are connected, may be interposed as a counterclaim.

The word " transaction," as used in the section, is broader than the word " contract," and in case the defendant's cause of action arises out of a transaction out of which the plaintiff's cause of action arose, it may be pleaded as a counterclaim. So the term " subject of the action " is broader than the term " cause of action." In the

case at bar the plaintiff's alleged cause of action arose out of the collection of money which defendant had no right to collect, and the defendant's counterclaims do not arise out of those facts — out of the plaintiff's cause of action — but the counterclaims are "connected with the subject of the action," which, in this case, is the rights and liabilities of the litigants, arising out of their performance or nonperformance of the duties owing to each other under their contract and the mutual transactions thereunder, and they are all connected within the meaning of the section of the Code under consideration.

Sufficient facts are set up in the answer to constitute causes of action alleged as counterclaims.

The interlocutory judgment should be reversed, with costs, and the plaintiff given leave to withdraw his demurrer and reply upon the payment of costs.

VAN BRUNT, P. J., concurred.

Judgment reversed with costs, with leave to plaintiff to withdraw demurrer and reply on payment of costs.