DE WANE B. SMITH and MARY A. SMITH, Respondents, *v.* WESLEY O. ROWE, Appellant, Impleaded with Others.

*Counterclaim — an action, by one who has contracted to furnish goods, against a third person for the price of goods delivered to him — another party defendant, against whom no judgment is asked, but who is a party to the contract under which the sale was effected, and is entitled to a percentage of the price, may set up that the goods were not as represented by the plaintiff.*

The complaint in an action alleged that the plaintiffs made a contract with the defendants Spring and Rowe, as copartners, under the firm name of W. S. Spring Company, by which said defendants were given the exclusive agency for the sale of a bicycle pump manufactured by the plaintiffs, and were to pay the plaintiffs seventy-five cents for each pump sold and to retain the excess; that the purchase price of such of the goods as should be sold by the W. S. Spring Company to the defendants Wanamaker and Ogden should be collected by a certain bank which would pay seventy-five cents for each pump to the plaintiffs and the balance to the W. S. Spring Company; that pursuant to such

agreement, of which the defendants Wanamaker and Ogden had notice, goods were shipped to them, and that at the time of the commencement of the action there was a balance of $934.93 due from the defendants Wanamakers and Ogden, of which $701.19 belonged to the plaintiffs. The complaint further alleged that a portion of such balance had been paid and a part of the pumps had been delivered to the W. S. Spring Company by the defendants Wanamaker and Ogden, and that the defendants Spring and Rowe claimed an interest therein, which interest was subordinate to that of the plaintiffs. Judgment was demanded for $701.19, but only against the defendants Wanamaker and Ogden.

The answer of the defendant Rowe put in issue substantially all the material allegations in the complaint and alleged that he alone constituted the W. S. Spring Company, which made the contract; and set up, as a counterclaim, that the plaintiffs violated the contract by selling a large number of pumps to other persons; that the pumps delivered were of inferior quality and not as represented; that they were not delivered promptly as required by the contract, and that he had sustained damage in the sum of $2,500. It also alleged that any sum due from the defendants Wanamaker and Ogden belonged to him, and that he was legally entitled to retain any sum paid or pumps delivered to him by such defendants, and he demanded judgment that an accounting be had. and that he have judgment against the plaintiffs for any amount found due on account of the damages which he had suffered because of the violation of the contract on the part of the plaintiffs.

*Held,* that the counterclaim was not demurrable;

That the answer might fairly be interpreted to mean that because of the inferior quality of the pumps, and the fact that they were not as represented by the plaintiffs, the amount recoverable from the defendants Wanamaker and Ogden, was not so large as it would otherwise have been; and that the answering defendant would consequently be compelled to accept a reduced sum as his share of the purchase price, and that he sought to have the plaintiffs reimburse him for such loss;

That the complaint contained all the allegations necessary to enable a court of equity to adjust all the matters in dispute between the parties, and that the fact that it demanded only a money judgment, and did not ask for equitable relief, was immaterial;

That the defendant Rowe was a necessary party to a final determination of the controversy.

APPEAL by the defendant, Wesley O. Rowe, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Oneida on the 10th day of October, 1899, upon the decision of the court, rendered after a trial at the Oneida Special Term, sustaining the plaintiffs' demurrer to the counterclaims set up in the said defendant's answer.

The action was commenced on the 10th day of August, 1898, to recover the purchase price of certain goods sold and delivered to

the defendants Wanamakers and Ogden, under and pursuant to an agreement alleged to have been made between the defendants Spring and Rowe and the plaintiffs.

The material allegations of the complaint are substantially as follows :

About March 24, 1898, the plaintiffs made a contract with the defendants Spring and Rowe as copartners, under the firm name of W. S. Spring Company, by which said defendants were given the exclusive agency for the sale of a patented bicycle pump manufactured by the plaintiffs.  Said defendants agreed to .sell at least 4,000 of said pumps each month, and to pay to the plaintiffs seventy-five cents for each pump sold, said defendants to retain and have whatever they obtained for the pumps in excess of that sum.  All the orders for pumps obtained by the W. S. Spring Company from the defendants Wanamakers and Ogden, who were copartners engaged in the mercantile business in the cities of New York and Philadelphia under the name of John Wanamaker, were to be deposited in trust with the Second National Bank of Utica, N. Y. Said orders were to be filled and the pumps thereby called for shipped and billed to the Wanamaker Company by the plaintiffs, and notice of such shipment given to the Spring Company ; the bank was thereupon to collect the full purchase price for the pumps, pay seventy-five cents for each pump paid for to the plaintiffs, and the balance to the Spring Company.

Pursuant to such agreement, of which the defendants Wanamakers and Ogden had notice, orders were obtained by the Spring Company for a large number of pumps from the Wanamaker Company ; such orders were deposited with the bank ; they were filled and the goods shipped by the plaintiffs and accepted by the Wanamaker Company.  Bills for the pumps were also made out by the plaintiffs upon bill heads of the Spring Company, sent to the Wanamaker Company, and notice was given of that fact to the Spring Company.  A large number of such bills were from time to time collected by the bank, and the proceeds divided between the plaintiffs and the Spring Company, in accordance with the terms of the contract.

For the pumps so ordered by and shipped and billed to the Wanamaker Company, there remained unpaid at the time of the com-

mencement of the action a balance of the purchase price amounting to $934.93, of which sum $701.19 belonged to the plaintiffs, and which the defendants Wanamakers and Ogden have neglected and refused to pay, although frequently requested so to do. It is alleged that a portion of such balance has been paid, and a part of the pumps delivered to the Spring Company by the Wanamaker Company in violation of the agreement, and that the defendants Spring and Rowe claim an interest therein, but which interest arose subsequent to and is inferior to the interest of the plaintiffs. Judgment is demanded for $701.19, with interest and costs, but only against the defendants Wanamakers and Ogden.

The defendant Rowe, by his answer, puts in issue substantially all the material allegations in the complaint; denies that he is a copartner with W. S. Spring, but alleges that he alone is doing business under the name of W. S. Spring Company, and that he made the contract with the plaintiffs under which all the pumps in question were sold; that the plaintiffs violated such contract in that they sold a large number of pumps to other persons and firms; that the pumps delivered were of inferior quality and not as represented; that they were not delivered promptly and as called for by the orders taken as it was agreed they would be, and all in violation of the terms of the contract, by reason of which he has sustained damage in the sum of $2,500, which he sets up as a counterclaim.

The defendant Rowe also alleges that any sum which may be due and owing by the Wanamaker Company, on account of bicycle pumps purchased by it, belongs to him, and that any sums paid or pumps delivered to him by the Wanamaker Company were rightfully paid and delivered to him, and that he is legally entitled to retain the same. He demands judgment that an accounting be had, and that he have judgment against the plaintiffs for any amount found due on account of the damages which he has suffered, because of the violation of the contract on the part of the plaintiffs.

The plaintiffs demurred to the answer of the defendant Rowe upon the ground:

1. That it is not of the character specified by section 501 of the Code of Civil Procedure.

2. That it does not tend in same or any way to diminish or defeat the plaintiffs' recovery herein.

3. That the said counterclaim does not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and from the judgment entered upon the decision sustaining it, this appeal is taken.

*Adams & Adams*, for the appellant.

*Milton E. Robinson*, for the respondent.

McLENNAN, J.:

Section 501 of the Code of Civil Procedure provides as follows:

" The counterclaim specified in the last section must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents and in favor of the defendant, or of one or more defendants between whom and the plaintiff a separate judgment may be had in the action.

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

It is clear that the alleged counterclaim arose " out of the contract," which is " the foundation of the plaintiff's claim." The meaning and effect of the allegations in the complaint is that the plaintiffs sold their bicycle pumps to the W. S. Spring Company, under a contract which provided that for all pumps which it resold to the defendants Wanamakers and Ogden that firm should pay the plaintiffs directly through the Second National Bank, and thus security for the payment to the plaintiffs of the purchase price of their pumps was provided. The pumps were sold to the Wanamaker Company by the W. S. Spring Company, and not by the plaintiffs. Bills or invoices for the same sent to the Wanamaker Company were made out on the " bill heads" of the W. S. Spring Company. The only knowledge the Wanamaker Company had of the plaintiffs was that it was to pay the purchase price of all pumps bought by it to the bank, to be divided between the plaintiffs and the Spring Company.

This action is brought to enforce a contract made by the Spring Company with the Wanamaker Company. Has the Spring Company, represented by Rowe, any interest in the enforcement of such

contract, and, if so, may not his rights be materially affected by the allegations in the answer, if found to be true? Suppose that Wanamaker contracted with Rowe to pay for a quantity of pumps at one dollar and fifty cents each, and Rowe agreed that such pumps should be of a certain specified quality (of the same quality as the plaintiffs agreed to furnish to him). If the pumps furnished to Wanamaker were as represented, payment of one dollar and fifty cents each could be compelled, seventy-five cents of which would go to the plaintiffs and seventy-five cents to Rowe, under their agreement; but suppose the pumps were not as represented (as alleged in the answer they were not), and by reason thereof only seventy-five cents each could be collected; must that entire sum be paid to the plaintiffs and Rowe get nothing? That is the logical result of the plaintiffs' contention in this action. Under such circumstances must the defendant Rowe, in order to obtain his rights, bring an action against the plaintiffs to recover the damages which he sustained on account of the inferior quality of the pumps furnished by them, and sold by him to the Wanamaker Company? In such an action the defendants Wanamakers and Ogden would be necessary parties, for Rowe would not be bound by the adjudication in this action if he had not been made a party, but having been made a party he would be concluded.

It should be borne in mind that in this action, or in an action brought as above suggested, Rowe would not be entitled to recover simply because the goods were not as represented, nor unless the parties to whom he sold failed to pay the purchase price, because of the fact that the pumps were not as represented to him by the plaintiffs, for only in that case could Rowe sustain damage.

If there were no issue as to the amount owing by the Wanamaker Company for the pumps purchased by them, on account of misrepresentation as to the quality of those goods, the contention of the respondent would be correct. In that case the defendants Wanamakers and Ogden would be in the attitude of offering to pay the exact amount which they agreed with the defendant Rowe to pay, and the proportions which the plaintiffs and Rowe were to receive respectively being fixed by the contract between them and being conceded, either could maintain an action to recover his share; and in such case damages sustained by Rowe, on account of the inferior

quality of pumps delivered to other parties, could not be made the subject of counterclaim.

The allegation in the answer is broad enough so that it may fairly be interpreted to mean that the bicycle pumps (the purchase price of which this action is brought to recover) were of inferior quality ; were not as represented by the plaintiffs, and that by reason of that fact there cannot be recovered so large an amount from the Wanamaker Company as there otherwise could have been, and that the answering defendant will thereby sustain damage, will thereby be compelled to accept as his share of the purchase price a less or reduced sum; and he asks that the plaintiffs make good to him in this action such loss.

We are of the opinion that the defendant Rowe was not only a proper party, but that he was a necessary party, in order that a final determination of the cause of action set forth in the complaint may be had.

We are also of the opinion that if Rowe had not been made a party by the plaintiffs, upon his application or upon the application of the other defendants, it would have been the duty of the court to have made him such party.

The complaint contains all the allegations necessary to enable a court of equity to settle and adjust all the matters in dispute between the parties, not only as to the pumps which were bought by the Wanamaker Company, which is the only issue in which it is interested, but also as to all the pumps bought by the W. S. Spring Company from the plaintiffs, and sold by it to other parties. The circumstance that the complaint demands only a money judgment, and does not ask for equitable relief, is immaterial. All the parties are before the court, and the complaint contained all the allegations necessary to a final adjudication. (*Bell* v. *Merrifield*, 109 N. Y. 202.) · " The theory of the Code is to authorize all connected causes of action, whether arising out of contracts or torts, to be litigated in the same action." (*Ter Kuile* v. *Marsland*, 81 Hun, 423 ; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552.)

The conclusion is reached that the demurrer should have been overruled.

All concurred.

Interlocutory judgment reversed, with costs.