HENRY O'BRIEN, WILLIAM F. RYAN and DENNIS B. RYAN, Constituting the SYRACUSE STOCK AND GRAIN COMPANY, Respondents, *v.* JOHN J. DWYER and CLARENCE E. COOLEY, Appellants, Impleaded with WILLIAM E. SPENCER.

*Counterclaim — when allowed in an action of tort — action for the conversion of money — counterclaim of a margin deposited to secure a purchase of stock ordered, but not purchased.*

It is the policy of the law, even where a complaint is in tort, to allow the defendant to set up therein any counterclaim arising out of the transaction which is the foundation of the plaintiff's cause of action or is connected with such transaction, in order that the entire controversy may be disposed of in a single action.

The complaint in an action alleged that the plaintiffs were stockbrokers and that one Spencer was a local broker who operated through them; that on May 9, 1901, the defendant Cooley was indebted to the plaintiffs in the sum of $800 for margins on stock transactions carried on through Spencer at the instance of Cooley; that Cooley paid such indebtedness to Spencer to be delivered to the plaintiffs and that Spencer was improperly and unlawfully induced by the defendant Dwyer, who had obtained possession of the money without the consent of the plaintiffs, to repay the same to the defendant Cooley. The plaintiffs alleged a conversion of such money and sought to recover the same.

The defendant Cooley alleged in his answer that he paid Spencer $1,110 as margins for the purchase of certain stocks, $310 of which was paid by Spencer to the plaintiffs. He also alleged, for a second counterclaim, that between May 4 and May 9, 1901, he requested the plaintiffs to purchase certain stocks and deposited with them "as margins $1,110 upon the representation of the plaintiffs that such stock had been purchased and that these are the transactions which are set forth in the complaint; that the plaintiffs did not, in fact, purchase said stock or become liable by reason of the request of the defendant,

but declined to return said sum of $1,110," for which sum the defendant demanded judgment.

*Held,* that the facts set forth in such second counterclaim arose out of the same transaction which constituted the plaintiffs' alleged cause of action or, at least, were ".connected with the subject of the action," and that it was, therefore, a proper counterclaim within subdivision 1 of section 501 of the Code of Civil Procedure.

McLennan and Hiscock, JJ., dissented.

Appeal by the defendants, John J. Dwyer and another, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 2d day of January, 1902, denying the said defendants' motion to strike out the plaintiffs' reply and amended reply and for judgment dismissing the complaint upon the second counterclaim contained in the amended answer of the defendant Cooley.

*Myron D. Short,* for the appellants.

*John F. Nash,* for the respondents.

Spring, J. :

The complaint shows that the plaintiffs as copartners were engaged in the stock brokerage business in the city of Syracuse ; that one Spencer was a local broker in Canandaigua in this State operating wholly through the plaintiffs. On May 9, 1901, defendant Cooley was indebted to the plaintiffs in the sum of $800 for margins on stock transactions carried on through Spencer at the instance of Cooley. That for the purpose of making good this indebtedness the said Cooley paid said sum to Spencer to be delivered to the plaintiffs. Spencer was improperly and unlawfully induced by the defendant Dwyer, who had obtained possession of the money without the consent of the plaintiffs, to repay the same to the defendant Cooley, and the plaintiffs seek to recover the money, charging the defendants with the conversion thereof.

The defendant Cooley admits and alleges in his answer that he paid Spencer $1,110 as margins to purchase certain "listed" stocks, $310 of which were paid by Spencer to the plaintiffs, which he seeks to recover, and sets forth certain other defenses and interposes a second counterclaim, in substance as follows : That the defendant between May 4 and 9, 1901, requested the plaintiffs to purchase

"seventy (70) shares of certain 'listed' stocks," being the same referred to in the answer aforesaid, and "put up and deposited with them" as margins $1,110 upon the representation of the plaintiffs that such stock had been purchased and that these are the transactions which are set forth in the complaint; that the plaintiffs did not, in fact, purchase said stock or become liable by reason of the request of the defendant, but declined to return said sum of $1,110, which the defendant seeks to recover.

A reply was interposed to the counterclaims, and upon the application of the defendants an order was granted to make it more definite and certain, and the amended reply was served, which was returned by the attorney for the defendants on the ground that it did not comply with the order, and thereafter a motion was made for an order striking out such reply and for judgment on the second counterclaim contained in the answer.

In an opinion delivered by the learned justice at Special Term denying the motion it appears that such denial was placed upon the ground that the counterclaim is not proper as the complaint is in tort, and the cause of action alleged in the answer is in contract not arising out of the transaction which constitutes the plaintiffs' cause of action. The analysis of the complaint shows that the cause of action is in conversion to recover $800, paid by the defendant Cooley to the plaintiffs' agent Spencer for margins on the purchase of stocks made by the plaintiffs for Cooley and at his request and which money the defendants have unlawfully obtained from said agent and illegally withhold from the plaintiffs. The answer is that the money was repaid properly and voluntarily, and the defendant Cooley as a counterclaim alleges that he paid to the plaintiffs these margins upon their agreement to make the purchases as directed by him; that no purchase of stock was in fact made by the plaintiffs as directed by the said defendant and no liability was incurred on account of this order, and this is the same transaction contained in the plaintiffs' complaint, and he seeks to recover the sum unpaid.

If the facts alleged in the counterclaim are true they arose out of the same transaction which constituted the plaintiffs' alleged cause of action or at least are "connected with the subject of the action," and hence the counterclaim is of the character specified in

subdivision 1 of section 501 of the Code of Civil Procedure. (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Savage* v. *City of Buffalo, No. 2*, 50 App. Div. 136; *Numan* v. *Wolf*, 73 id. 38; *Cooper* v. *Kipp*, 52 id. 250.)

In this case, if the position of the defendant Cooley is correct, that there was but one transaction between him and the plaintiffs growing out of the payment of the money to be put up as margins, then it is important that the whole controversy be disposed of in this action. It is the policy of the law, even where the complaint is in tort, if the counterclaim interposed either arose out of the transaction which is the foundation of the plaintiffs' cause of action or is connected with it, that the entire controversy should be wound up in one action. (*Smith* v. *Rowe*, 49 App. Div. 582, 588; *Ter Kuile* v. *Marsland*, 81 Hun, 420.)

When that question is presented by demurrer or upon a motion of this kind, we must depend entirely upon the pleadings for the purpose of determining whether the counterclaim is one permitted by the Code. Under that rule it is quite apparent that the counterclaim is proper. If it should develop on the trial that this was a mere fiction of the pleader, and that the transaction constituting the counterclaim originated in an independent contract, or was not connected with the subject of the plaintiffs' cause of action, proof should not be permitted to sustain the same.

The amended reply served pursuant to the order of the Special Term is as evasive and uncertain as the original reply, and does not comply with the order.

The order of the Special Term should be reversed, with ten dollars costs and the disbursements of this appeal, and the motion for judgment on the counterclaim granted, with ten dollars costs, unless the plaintiffs within twenty days serve a reply in compliance with the order of the Special Term, and pay the ten dollars costs and disbursements of this appeal and ten dollars costs of the original motion, in which event the motion for judgment is denied.

WILLIAMS and DAVY, JJ., concurred; McLENNAN and HISCOCK, JJ., dissented.

Order of Special Term reversed, with ten dollars costs and disbursements of this appeal, and motion for judgment on the counter-

claim granted, with ten dollars costs, unless the plaintiffs within twenty days serve a reply in compliance with the order of the Special Term and pay the ten dollars costs and disbursements of this appeal and ten dollars costs of the original motion, in which event the motion for judgment is denied.