─────────────

(49 Misc. Rep. 99)

LEHLEUTER v. SHANO.

(Supreme Court, Appellate Term. December 21, 1905.)'

SET-OFF AND COUNTERCLAIM—RECOVERY OF LEGACY BY ASSIGNEE.

    Under Code Civ. Proc. § 501, authorizing a counterclaim, when it consists of a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action, in an action by plaintiff, as assignee of a legatee under a will, to recover a legacy due her assignor, and payable out of the assets of the estate generally, a counterclaim alleging that after the reduction of the assets to possession plaintiff's assignor had forcibly converted a portion thereof was unauthorized.

    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Set-Off and Counterclaim, §§ 49–51.]

Appeal from City Court of New York, Special Term.

Action by Lena Lehleuter against George Shano, as executor, etc. From a judgment overruling plaintiff's demurrer to a counterclaim, she appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Edward Miehling, for respondent.

SCOTT, P. J. The plaintiff, as assignee of one Henry Geiger, sues to recover a legacy due to her assignor under the will of Mary Geiger. The defendant, by way of defense, pleads what he terms a set-off, consisting of allegations charging that after the death of decedent, and after defendant as her executor had reduced her assets to possession, Henry Geiger, the assignor, had forcibly taken and converted a portion of such assets. To this defense the plaintiff demurs, and from the judgment overruling the demurrer this appeal is taken.

It is obvious that the counterclaim, for such it really is, cannot be upheld under section 505, Code of Civil Procedure, and so much is conceded by the respondent. It was sustained in the court below under section 501 of the Code, because the learned justice considered that it was "connected with the subject of the action and both relate to the assets of the estate." Section 501 authorizes a counterclaim when it consists of a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. The transaction set forth in the complaint as the foundation of plaintiff's claim was the will of the decedent, which contained the legacy, and its admission to probate, whereby its effectiveness was assured. The subject of the action was the payment of the legacy, not necessarily out of the assets alleged to have been

converted, but out of the assets generally. If the particular assets referred to in the counterclaim had been the subject of the action, as if, for instance, the plaintiff had claimed them under a specific legacy, there would have been room for the application of the broad and liberal rule laid down in Carpenter v. Manhattan Life Ins. Co., 93. N. Y. 556, wherein both the complaint and the counterclaim had reference to a quantity of wood which plaintiff had cut from land mortgaged to defendant. Plaintiff claimed damages for the conversion of the wood, and the defendant counterclaimed for the damage done to its security by cutting the timber. In the present case there is no such connection between the legacy bequeathed to plaintiff's assignor, and the property said to have been converted by him.

Judgment reversed, with costs, and demurrer to counterclaim sustained, with costs. All concur.