(79 Misc. Rep. 240.)

WATERS v. LANG et al.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 21*)—ACTION FOR CONVERSION—DEFENDANT'S FAILURE TO COMPLY WITH LIEN LAW.
   The fact that defendant, sued for the conversion of horses, had sold them without compliance with the Lien Law, did not preclude him from proving a counterclaim, alleging that a certain amount was originally due from the plaintiff, and allowing credit for the sale price.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 25; Dec. Dig. § 21.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—CLAIM CONNECTED WITH SUBJECT OF ACTION.
   A counterclaim in an action for the conversion of horses, alleging that a certain amount was originally due from the plaintiff, and allowing credit for the sale price, arose out of the contract under which the horses

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were delivered, and so was connected with the subject of the action, as required by Code Civ. Proc. § 501, to be the subject of a counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John J. Waters against Minnie Lang and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Bernard Drachenberg, of New York City (Arthur G. Fuchs, of New York City, of counsel), for appellants.

Wing & Wing, of New York City (Theodore H. Lord, of New York City, of counsel), for respondent.

SEABURY, J.  The plaintiff sues to recover for the alleged conversion of two horses. The defendant Lang claimed that the plaintiff was indebted to her in the sum of $375, and that she had sold the horses for $300, and interposed a counterclaim for $75. The court below failed to submit to the jury the issue raised by the counterclaim, and submitted to the jury the issue as to the value of the horses, which the defendant Lang was alleged to have converted. The action resulted in a judgment for the plaintiff for $475 and costs.

[1] We think this result is unjust to the defendants, and that the defendant Lang should have been given an opportunity to prove that the plaintiff was indebted to her in the sum of $375. If she should succeed in establishing this claim, then it is clear that the $375 should have been deducted by the jury from the sum which they found to represent the value of the horses converted. The fact that the defendant did not comply with the Lien Law in selling the horses did not preclude her from proving a counterclaim, which alleged that originally $375 was due her from the plaintiff, and allowing the plaintiff credit for the $300 which was realized from the sale of the horses.

[2] The claim alleged by the defendant arose out of the contract under which the horses were delivered, and was connected with the subject of the action. Section 501, Code of Civil Procedure; Carpenter v. Life Insurance Co., 93 N. Y. 552; O'Brien v. Dwyer, 76 App. Div. 516, 78 N. Y. Supp. 600.

It follows that it was error to dismiss the counterclaim, and that the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes