HARRY SCHURR, Respondent, v. A. & S. CONSTRUCTION Co., INC., and Others, Appellants, Impleaded with Another, Defendant.— Interlocutory judgment unanimously affirmed, with costs.   No opinion.   Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

JOHN SCOTT, Respondent, v. ROBINS DRY DOCK AND REPAIR COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs.   No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

DANIEL SULLIVAN, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs.   No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

HARRIS SUSSMAN, as Administrator, etc., of SAMUEL SUSSMAN, Deceased, Respondent, v. JULIUS SUSSMAN, Appellant.— Judgment unanimously affirmed, with costs.   No opinion.   Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

JOSEPH TERZI, Respondent, v. MICHAEL SAVINI, Appellant, Impleaded with Others, Defendants.— Order striking out defendant appellant's ` counterclaim and separate defense contained in the amended answer, and granting plaintiff's motion for judgment on the pleadings, reversed on the law, with ten dollars costs and disbursements on this appeal, and motion denied, with ten dollars costs.   The defense pleaded in defendant appellant's amended answer as a counterclaim and separate defense to the action alleged was sufficient in law, under section 266 of the Rules of Civil Practice [Civil Practice Act], or either of its subdivisions, as tending to diminish or defeat the plaintiff's recovery, since it was a cause of action arising out of the same transaction or connected with the subject thereof, upon which plaintiff's action was founded; and further, the action being one in contract, the defense pleaded and alleged also being in contract and existing at the commencement of the action, was proper.   It was error for the court below to strike out the counterclaim and separate defense, either under subdivisions 4 or 5 of rule 109 of the Rules of Civil Practice, as moved for, or any other subdivision of that section [rule].   The authorities as we interpret them make no distinction so far as the principle is therein announced between a purchase-money mortgage or other mortgage; or so far as the necessity for fraud being pleaded in the answer or defense sought to be stricken out; the sole test being whether the defense pleaded arose out of the same transaction or was connected with the subject of the action set forth in the complaint or the action alleged being in contract the defense interposed was also a cause of action in contract existing at the commencement of the action. (See *Ter Kuile* v. *Marsland*, 81 Hun, 420; *Deagan* v. *Weeks*, 67 App. Div. 410; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Kelly* v. *Webster*, 143 App. Div. 737; *Hunt* v. *Chapman*, 51 N. Y. 555; *Bathgate* v. *Haskin*, 59 id. 533; *American Guild* v. *Damon*, 186 id. 360; *Fort Miller P. & P. Co.* v. *Bratt*, 119 App. Div. 685; *Valett* v. *Baker*, 129 id. 514; *Merry Realty Co.* v. *S. & H. R. E. Co.*, 186 id. 538.)   Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

SOLOMON THALL, Appellant, v. THE CITY OF NEW YORK and Others, Respondents.— The record is barren of any evidence upon which a finding that plaintiff owned the fee of the street could be predicated.   The judgment is unanimously affirmed, with costs.   Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.