CHEMEX DISTRIBUTORS, INC., Plaintiff, *v.* ALEXANDER F. WINSLOW, First Name Fictitious, Real Name Being Unkown to Plaintiff, Person Intended Being Known as A. F. WINSLOW, and Transacting Business as CHEMEX LABORATORIES, Defendant.

City Court of New York, New York County, April 10, 1930.

*Levin, Rosmarin & Schwartz,* for the plaintiff.

*Herbert O. Burden,* for the defendant.

NOONAN, J. Motion to dismiss counterclaim under rule 109 of the Rules of Civil Practice, on the ground that it is not a proper counterclaim in the action.

The complaint alleges that the defendant made an agreement with one Vagg by which the latter was given the exclusive rights of representation and distribution in and for the city of Greater New York for the products manufactured and sold by the defendant and known as the Chemex fire extinguishers and Chemex powder. Thereafter the said Vagg assigned his rights under the contract to the plaintiff. The complaint then alleges that, prior to the acceptance of said assignment by the plaintiff, the defendant falsely represented certain facts with reference to the products to be sold, and that, in reliance on said representations, the plaintiff incurred certain expenses in the sale of the products and was induced to purchase from the defendant a quantity of the products.

The plaintiff seeks damages because of the fraud of the defendant in inducing the plaintiff, as assignee, to become a party to the contract. The complaint apparently is based on a rescission of the contract.

The contract between the parties was in writing, and under it the plaintiff agreed, among other things, to maintain a certain distribution of the products of the defendant per month during the contract period.

The answer of the defendant, in addition to denials, pleads that the plaintiff breached the contract by not maintaining the required distribution called for by the contract.

The plaintiff contends that the counterclaim does not arise out of the contract or transaction as set forth in the complaint, and moves to strike it out.

Section 266 of the Civil Practice Act says that a counterclaim may be interposed where it is " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." Section 18 of the New York City Court Act contains the same provision. The plaintiff's cause of action is based on fraud in the inducement of the contract and seeks to recover money expended thereunder. The counterclaim is also based on the contract and demands damages for failure to perform. Both relate to the contract, which was the transaction between the parties.

The motion to dismiss the counterclaim is denied, with ten dollars costs. (*O'Brien* v. *Dwyer*, 76 App. Div. 516; *Ter Kuile* v. *Marsland*, 81 Hun, 420.) Order filed.